## UNITED STATES v. SHARP.

(Fourth Division. Fairbanks. October 19, 1921.)

No. 812, Criminal.

1. Searches and Seizures ⬳3—Affidavits for Warrant.

An affidavit for search warrant was made upon information and belief only, but did not even state that affiant believed the information so furnished to him. The magistrate did not examine other witnesses or procure other evidence.

⬳See same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

*Held*, there was not probable cause established for issuing the search warrant, and it was void.

2. **Criminal Law** ⬧681 (I)—**Trial—Constitutional Law—Intoxicating Liquors.**

Defendant was arrested for having intoxicating liquor in his possession in violation of the acts of Congress. On trial defendant objected to the introduction of certain evidence against him because it was obtained by search warrant in violation of his constitutional rights. *Held*, while ordinarily the court will not pause in the trial of a cause to inquire into a collateral issue, yet, when the matter involves the constitutional rights of the accused and can be quickly settled, the court will determine the point even in the trial of the case.

The defendant herein was convicted in the United States commissioner's court for the Fairbanks precinct, Fourth judicial division, territory of Alaska, of the crime of willfully and unlawfully having in his possession spirituous intoxicating liquor contrary to the provisions of chapter 53, p. 903, 39 Statutes at Large, 903, commonly known as the "Alaska Dry Act" (U. S. Comp. St. 1918, U. S. Comp. St. Ann. Supp. 1919, §§ 3643b–3643r), and was sentenced to pay a fine of $500 and to be imprisoned in the federal jail for a period of one year. From this judgment and sentence the defendant took an appeal to the district court.

The case came on for trial de novo as provided by the Compiled Laws of Alaska on October 19, 1921, in the district court.

Guy B. Erwin, U. S. Atty., of Fairbanks.

Thomas A. Marquam and John A. Clark, both of Fairbanks, for defendant.

BUNNELL, District Judge. A jury was duly impaneled, and one M. O. Carlson, a deputy United States marshal, was sworn as a witness on behalf of the government. In the course of the examination of this witness it developed that Carlson was one of a raiding party that made a search of the premises where the defendant was employed, and in said search obtained three bottles containing intoxicating liquor which the government sought to prove was in the possession of the defendant. The defendant objected to any evidence of the search and seizure being given by the witness Carlson for

⬧See same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

the reason that the search warrant was illegally issued. The court excused the jury and proceeded to a hearing on the question of the legality or illegality of the search warrant. The hearing disclosed that the search warrant was issued upon the following affidavit of a deputy marshal:

"No. 1049 Criminal. Affidavit for Search Warrant.

"J. H. Miller, being first duly sworn, deposes and says: That he is a deputy United States marshal in and for the Fourth judicial division, territory of Alaska; that information has come to him that said Alex Simson and said Al Sharp have in their possession spirituous intoxicating liquors; that the said Alex Simson and Al Sharp have the same in their possession in that certain building in the town of Fairbanks situated on First avenue between Cushman and Lacey streets known as the Simson Clothing Store; also in that certain building known as the Vienna Lodging House situated on Second avenue between Cushman and Lacey streets in said town of Fairbanks and at the rear of said Simson's store; also in the building adjacent to said Simson's Clothing Store known as the Levy Building; also in all out-buildings at the rear of said Simson's Clothing Store and said Levy Building; also in all warehouses belonging to or under the control of said Alex Simson in the town of Fairbanks; also in the residence of the said Alex Simson in the town of Fairbanks.

"Wherefore affiant prays that a search warrant issue directing the United States marshal or any of his deputies to make search of all of the buildings above described for spirituous intoxicating liquors.

Our statute provides in section 2488:

"That a search warrant cannot be issued but upon probable cause, shown by affidavit, naming or describing the person, and describing the property and the place to be searched."

And in section 2489:

"That the magistrate must, before issuing the warrant, examine on oath the complainant and any witnesses he may produce and take their depositions in writing, and cause them to be subscribed by the parties making them."

It will be seen at a glance that this affidavit is wholly and entirely insufficient to establish probable cause for issuing a search warrant. The affiant states he has been informed as to certain matters, but does not even state that he believes the information furnished to him. No other sworn evidence was submitted to the commissioner, and the search warrant was

void. The evidence also showed that the defendant did not consent to the search and seizure. The three bottles of liquor seized under the search warrant, it seems, were not the property of the defendant. The defendant prior to the time of going to trial could not have been expected to make application for the return to him of this property. It also appears that his attorney in the trial de novo in this court, appointed by the court to defend him, had no opportunity prior to going to trial to test the legality of the search warrant under which the seizure was made.

I am not unmindful of the long line of authorities supporting the government's contention that the court will not pause in the trial of a case to inquire into a collateral issue if it appears that such an inquiry could have been had and the issue determined prior to the trial of the case. In this case it seems that the only way the defendant's rights under the Fourth and Fifth Amendments to the Constitution of the United States could be safeguarded was by an objection to the evidence at the time of trial. In my opinion the cases of Silverthorne Lumber Co. v. United States, 251 U. S. 385, 40 Sup. Ct. 182, 64 L. Ed. 319, Gouled v. United States, 255 U. S. 298, 41 Sup. Ct. 261, 65 L. Ed. 647, United States v. Rykowski (D. C.) 267 Fed. 866, and United States v. Kelih (D. C.) 272 Fed. 484, fully warrant such a conclusion.

Under the authorities the evidence was illegally procured, and is therefore inadmissible. Its nature and character is not changed because its inadmissibility is not ascertained until the moment it is offered in evidence. True, the court is not going to pause in the trial of a case to inquire into a collateral matter where the record shows that ample opportunity for such inquiry existed for a long time prior to entering upon the trial of the case. The court sets a case for trial after taking into consideration the time it will take for each party thereto to have his witnesses in attendance. If a postponement is necessary, our Code provides for such an emergency.

The facts and circumstances in this case convince me that the defendant's objection to the evidence offered was timely and seasonable. The defendant was prepared to produce immediately the record from the commissioner's court. No particular delay was caused. Of course, if it appeared that an inquiry into a defendant's objection would require a long de-

lay and the sending to some distant point for records or witnesses to determine, a collateral matter, the court would not be justified in permitting such an interruption.

---
☞See same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes