### BERT CAREY v. STATE.

No. A-4175.    Opinion Filed Aug. 25, 1923.
(217 Pac. 895.)

(Syllabus.)

**Appeal and Error—Where Sentence for Misdemeanor Satisfied, Appeal Dismissed.** Where the defendant was convicted of a misdemeanor, and on a failure to give a supersedeas bond was committed to the custody of the sheriff to begin the service of the sentence imposed, and it is apparent from the record that the judgment and sentence has been satisfied in accordance with its terms, the appeal will be dismissed, as any legal case involved is moot.

Appeal from County Court, Canadian County; W. A. Maurer, Judge.

Bert Carey was convicted of a misdemeanor, and he appeals. Appeal dismissed.

The Attorney General, for the State.

MATSON, P. J.   This is an appeal from the county court of Canadian county, wherein, on the 3d day of September, 1921, plaintiff in error was convicted of the offense

of grossly injuring the person and property of another, and sentenced to pay a fine of $500, and to be imprisoned in the county jail for a period of 90 days.

It appears from the record before us that the judgment and sentence was rendered on the 3d day of September, 1921, at which time the trial court notified the defendant of his right to appeal, and fixed the amount of his supersedeas bond in the sum of $1,500, and committed the defendant to the custody of the sheriff until such bond was given. It is further disclosed by the record that defendant thereafter served notices of appeal on the county attorney and court clerk of Canadian county, and was given time to prepare and serve a case-made, and within the time allowed prepared and served his case-made, and that same was duly signed and settled by the trial judge, but it nowhere appears from the record that this judgment was ever superseded by the giving of a supersedeas bond in the amount fixed by the trial judge. As the defendant was committed to the custody of the sheriff to begin the serving of the sentence imposed on the 3d day of September, 1921, and as it appears that no supersedeas bond was given, it is apparent that said judgment and sentence has long since been satisfied, and that the questions involved in this appeal are moot. Tropp v. State, 17 Okla. Cr. 702, 186 Pac. 737.

The presumption obtains from the record before us that the plaintiff in error has long since served the sentence imposed and has satisfied the judgment, and the appeal is therefore dismissed.

BESSEY, J., concurs.

DOYLE, J., absent, not participating.