## CHASE
#### v.
## AFRICAN METHODIST EPISCOPAL CHURCH, INC., et al.

### No. 7203

### Circuit Court of Appeals

#### Third Circuit

### January 16, 1940

*See, also, 108 F.2d 977*

---

■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

GEORGE H. T. DUDLEY, Christiansted, St. Croix, Virgin Islands, *filed a brief for appellant.*

Before BIGGS, MARIS, and JONES, *Circuit Judges*

MARIS, *Circuit Judge*

This is an appeal by the plaintiff from a decree of the District Court of the Virgin Islands, Saint Croix Division, entered April 21, 1939, adjudging the plaintiff to have an equitable lien upon an improved parcel of two and one-half acres of land at Grove Place, Princess Quarter, Saint Croix, in the sum of $374.45, with interest from September 12, 1936, and decreeing foreclosure of the lien if not paid in thirty days. The appeal also brings up an order adjudging costs entered by the court in the same cause on May 15, 1939.

The action between the parties was tried in the district court without a jury and unfortunately for the appellant the testimony of the witnesses was not taken down stenographically or filed of record. The parties have not been able or willing to agree upon a narrative statement of the testimony and the judge of the district court who, if he had been applied to, would have been able to settle such a statement, resigned his office as of June 30, 1939. It results that on this appeal the record, while

containing the district court's findings, does not contain the testimony upon which those findings were based. We must therefore assume that the findings of fact are supported by the evidence which the court had before it.[1] This is so even though we do have before us certain documentary exhibits which were received in evidence in the district court and which the clerk of that court has transmitted to us. It would be obviously improper for us to consider these documents in the absence of the testimony which identified and explained them and, as the district court found, impeached some of them.

█ When the present case was called for argument by this court counsel for the appellant did not appear but instead submitted a brief on his behalf. Counsel for the appellees neither appeared nor submitted a brief on their behalf. In view of the distance of the Virgin Islands from Philadelphia and the comparatively small amount involved in the case, we can understand and excuse the failure of counsel to appear for argument, although it would have been better practice for them by formal petition to have secured prior leave from us to submit their case on briefs without oral argument. The failure of counsel for the appellee to submit a brief is unexplained. We must, therefore, dispose of the questions raised by the appellant in his brief as best we may upon the record before us without the benefit of the views of the appellees.

The plaintiff, a regularly ordained minister of the African Methodist Episcopal Church, was duly authorized and appointed to carry on the missionary work of that church at Grove Place in the Island of Saint Croix. Through his efforts a local church, St. Luke's, was organized. A plot of two and one-half acres of ground, a part of the Estate Grove Place, was acquired by gift from the owners of that estate. In 1933, by vote of the

[1]Pratt v. Stout (C.C.A. 8th 1936) 85 F.2d 172; Speh v. Bullard (C.C.A. 5th 1937) 90 F.2d 227.

board of trustees of the local church, ratified by its general membership, the construction of a church edifice on this plot at Grove Place was authorized and undertaken. The plaintiff handled all church funds, accounts and business transactions. Due to lack of funds the building operation was suspended in the fall of 1934.

The plaintiff contended that during 1933 and 1934 he loaned to the local church, for purposes of building the projected meeting house, sums aggregating $1,400.65, for which he claimed an equitable lien upon the two and one-half acres plot with the unfinished church building thereon. The district court, from all the evidence before it, found the fact to be that the amount loaned by the plaintiff to the church was only $374.45. This sum, it found, was loaned with the knowledge and consent of the board of trustees of the church and was intended and used for expenses of constructing the church building. None of it had been repaid up to the time of the trial.

The district court further found that legal title to the church property at Grove Place was in the defendant, Home and Foreign Missionary Department of the African Methodist Episcopal Church, Inc., a nonresident corporation, and it concluded that the plaintiff had an equitable lien for $374.45 with interest from September 12, 1936, on the property, which he was entitled to enforce by foreclosure under the procedure set forth in chapter forty-one of Title III (28 V.I.C. § 531 et. seq.) of the Code of Laws for the Municipality of Saint Croix.[2] The district court entered its decree appropriate to these conclusions on April 21, 1939. On May 15, 1939, by a supplemental order the district court allowed to the plaintiff as an addition to his lien his costs in the action "as they appear of public record" and an attorney's fee of $50, but dis-

[2]The Code of Laws for the Municipality of Saint Croix now in force was enacted by ordinance of the Colonial Council of the Municipality of Saint Croix passed May 17, 1920, and sanctioned and approved by the Governor of the Virgin Islands of the United States June 15, 1920 [published in 1921].

allowed his disbursements for witness and all other charges not of public record and also disallowed all his costs and disbursements in two prior suits involving the same subject matter. Upon the present appeal the plaintiff alleges error in both the decree and the order.

With regard to the decree of April 21, 1939, his complaint is that the district court erroneously reduced his claim from $1,400.65 to $374.45. He urges (1) that since a statement which he offered in evidence had been retained without protest by the defendants for an unreasonable length of time, it should have been accorded by the Court the status of an account stated, (2) that since the debits of his account were corroborated and the credits not falsified, he was entitled to the difference between the two sums, (3) that memoranda of the proceedings of the board of trustees of the local church were improperly admitted in evidence in view of the absence of an adequate explanation of the defendant's failure to produce the official minute book, and (4) that consequently the finding based on the memorandum so admitted was invalid.

The mere statement of these contentions, however, discloses that they raise questions relating solely to the admissibility and probative value of evidence and seek to attack only the fact findings of the district court. Since, as we have already pointed out, the evidence is not in the record before us and the Court's findings of fact must consequently be accepted as correct, it is impossible for us to consider these contentions of the plaintiff. The defendants have not appealed. The decree of April 21, 1939, must, therefore, be affirmed.

██ As to the order of May 15, 1939, fixing costs, the plaintiff contends (1) that he should have been allowed all his costs and disbursements in the two suits previously brought by him, and (2) that he should have been

allowed his disbursements for witnesses and other charges not of public record in this suit. We think the first contention is without merit. The plaintiff states that his first suit, which was commenced September 12, 1936, was dismissed without prejudice for procedural reasons. It appears that his second suit, which was begun January 25, 1937, was on January 27, 1938, permitted by the district court to be discontinued without prejudice upon payment of the defendants' attorney's fees and costs. The present suit was commenced February 21, 1938. Since the first suit was dismissed because of the plaintiff's errors in procedure, it is obvious that he is not entitled to be awarded the costs of that suit. Upon any theory, the costs which he incurred in it were wholly unnecessary and, therefore, not chargeable against the defendants. In the second suit the Court in its order of January 27, 1938, awarded costs against the plaintiff. This order was not appealed from and the Court properly followed it in the present case in refusing to award the plaintiff the costs of that suit.

Plaintiff's remaining contention that the district court erred in disallowing his disbursements for witnesses and other charges not of public record incurred in the present suit requires us to consider the applicable provisions of Title III — Civil Procedure — of the Code of Laws for the Municipality of Saint Croix (1921). They are sections 5 and 6 of (chapter 50 of) that title (5 V.I.C. §§ 541, 541 note) and are as follows:

"Section 5. — A party entitled to costs shall also be allowed for all necessary disbursements, including the fees of officers and witnesses, the necessary expenses of taking depositions by commission or otherwise, the expenses of publication of the summons or notices, and the postage where the same are served by mail, the compensation of referee, and the necessary expenses of copying any public record, book, or document used as evidence on the trial.

417

"Section 6. — In an action of equitable nature costs and disbursements shall be allowed to a party in whose favor a judgment is given in like manner and amount as in other actions, without reference to the amount recovered or the value of the subject of the action, unless the court otherwise directs."

██-██ Under chapter forty-one of Title III of the Code (1921; 28 V.I.C. § 531 et seq.) an action, such as the present one, for the foreclosure of a lien upon real property is of an equitable nature and in such an action the code contemplates that costs may be recovered out of the property. However, under the provisions of section 6 of chapter fifty (5 V.I.C. § 541 note) which we have quoted, it will be seen that the right to costs in actions of an equitable nature is not absolute but that they are to be allowed in like manner and amount as in other actions, unless the Court otherwise directs. In other words, the allowance of costs in an action such as the one before us, and their amount if allowed, is within the discretion of the district court. In the light of the fact that the plaintiff failed to establish nearly three-fourths of his claim, we cannot say that the Court was guilty of an abuse of discretion in refusing to allow the plaintiff his non-record disbursements.

The decree and order of the district court are both affirmed.

