CITY OF SELDOVIA, Appellee,

v.

Albert LUND, Appellant.

Cr. No. 3168.

District Court, Alaska
Third Division, Anchorage.

Feb. 7, 1956.

Buell A. Nesbett (of McCutcheon & Nesbett), Anchorage, Alaska, for plaintiff.

Clifford J. Groh, Anchorage, Alaska, Roger Cremo, Anchorage, Alaska, for defendant.

McCARREY, District Judge.

This is an appeal by the defendant from a judgment of the Magistrate's Court of the City of Seldovia in which the defendant was found guilty of the crime of vagrancy and was sentenced to serve ten days in jail.

Under Alaskan law, the Municipal Magistrate has jurisdiction of all actions for violations of municipal ordinances, and appeals lie from his judgments to the United States District Court in the same manner as appeals from a justice of the peace. § 16–1–70, A.C.L.A.1949. Such cases are tried de novo. See United States v. Meyers, 1903, 2 Alaska 158; United States v. Sharp, 1921, 6 Alaska 408; Application of Jorge, 1945, 10 Alaska 633, 639, and Notes of Decisions, p. 2496, A.C.L.A. 1949. Also, the appeal is considered perfected from the filing of the transcript with the clerk of the district court and is triable upon the issue tried in the justice's court. See § 69–6–8, A.C.L.A.1949.

There are two points of law that must be considered before proceeding to the determination of the issues in this case: (1) Can the defendant appeal after he has completely served the sentence imposed by the lower court? (2) If this point of law was not raised by either counsel before or during the trial, can, or should, the court raise the same of its own initiative? Counsel for the appellant contend that the court cannot.

The defendant testified that he served the full ten days in jail before he appealed, although a bond was set in the sum of $500. Neither counsel raised this point by motion, nor did the court know such to be the fact, until the appellant himself took the witness stand on his own behalf as the ninth witness in the trial. The case was virtually concluded before the court had any knowledge of this fact. Although the court called the evinced fact that the defendant had served the time imposed to counsels' attention, no objection was raised nor a motion filed by either. Most of the witnesses were from out of town and had been put to considerable expense for transportation, and other expenses, in order to be present at the trial. Thus, the court heard the remaining witnesses and arguments of counsel.

The two questions presented will be considered by the court inversely, for obvious reasons.

I am of the opinion that the court not only has the right, but that it is its duty, to dismiss an appeal whenever it is judicially called to the court's attention that the defendant has served the time imposed by the judgment of the lower court. Parks v. State, 24 Okl. Cr. 272, 217 P. 895.

In the case at bar, both counsel for plaintiff and defendant should have known the fact that the defendant had served the sentence imposed by the lower court as both the Magistrate and the defendant were called and testified as witnesses. Was there some reason why this fact was not called to the court's attention? I do not know. Certainly the court would not be justified in lending its proceedings to a party for personal reasons if there be such. I am of the opinion that counsel should have called this fact to the court's attention prior to trial.

I find that the defendant's right to appeal becomes moot upon his having served the time and/or paid the fine imposed by the lower court. Hanback v. District of Columbia, D.C.Mun.App. 1943, 35 A.2d 189; Reed v. United States, D.C.Mun.App., 93 A.2d 568; Gillen v. United States, 9 Cir., 199 F.2d 454; 24 C.J.S., Criminal Law § 1668; 18 A.L.R. 867; Tropp v. State, 17 Okl. Cr. 702, 186 P. 737. In the Hanback case, supra, the court stated at page 189 of 35 A.2d:

"It has long been settled in this jurisdiction and in the federal courts that an appellate court will not review a moot case. * * * 'Mills v. Green, 159 U.S. 651, 16 S. Ct. 132, 133, 40 L.Ed. 293: "The duty of this court, as of every other judicial tribunal, is to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to

declare principles or rules of law which cannot affect the matter in issue in the case before it." ' "

Thus, to require the court to hear an appeal upon a question that is already moot is requiring the court to do a vain and useless act. Certainly this is contrary to the functions and purposes of a court. Such a proposition is so academic that citations are unnecessary.

There are cases which hold that there is a right of appeal even though the time has been served or the fine paid, under the theory that the defendant incurred an odium or stigma to his name, which he has the right to clear. See Roby v. State, 96 Wis. 667, 71 N.W. 1046; 18 A.L.R. 867; 24 C.J.S., Criminal Law, § 1668, p. 267 et seq. However, I find that such is the minority view and quote a portion of the opinion in the case of State v. Cohen, 45 Nev. 266, 201 P. 1027, 1029, 18 A.L.R. 864, for some of the reasons why:

" * * * We agree with counsel for appellant, and the poet and authorities he quotes, and are also mindful of the scriptural assurances that a 'good name is better than riches.' Its loss or impairment is a melancholy disaster to any one who values it. But we do not perceive how we can revive a dead judgment for the purpose of quieting title to a good reputation. Appellant's opportunity to relieve himself of any odium that may have attached to his name on account of his conviction was lost by his failure to avail himself of the procedure provided for staying execution of judgment, pending an appeal." See 18 A.L.R. 867.

█ The Magistrate set a bond in this case, supra; hence, the defendant's constitutional rights were preserved. If the defendant petitions to have the proceedings below reviewed by this court, he is not without recourse. See 69–6–11. Review of errors on face of judgment or proceedings. A.C.L.A.1949.

Having found that the question of whether or not an issue is moot can be raised by the court, and having determined that a case is moot once an imposed sentence has been satisfied, I find that there is no legal question left to be determined in this pretended appeal; thus, the same is hereby dismissed.