**GOVERNMENT OF THE VIRGIN ISLANDS**
v.
**FELIPE FERRER, Appellant**

No. 12,905

United States Court of Appeals

Third Circuit

Decided March 11, 1960

*See, also, 275 F.2d 497*

FRANK PADILLA, Charlotte Amalie, St. Thomas, Virgin Islands, *for appellant*

LEON P. MILLER, United States Attorney, Charlotte Amalie, St. Thomas, Virgin Islands, *for appellee*

Before MARIS, WOODBURY, and FORMAN, *Circuit Judges*

MARIS, *Circuit Judge*

This is an appeal by the defendant, Felipe Ferrer, from a judgment of guilty entered in the District Court of the Virgin Islands, Division of St. Croix, Frederiksted Jurisdiction, on a trial de novo upon an appeal from a judgment entered in the Municipal Court of St. Croix, Frederiksted Jurisdiction, finding the defendant guilty of an aggravated assault and battery upon a police officer during the performance of his official duties. The defendant was represented by counsel in both courts. A fine of $50 had been imposed in the municipal court, $25 of which had been suspended and $25 of which had been paid by the defendant. The district court also imposed a fine of $50 upon the defendant. On March 12, 1959, a notice of appeal was filed in the district court and on May 27, 1959, the defendant paid the remainder of the fine, $25, in the district court.

On appeal the defendant contends that the judgment cannot stand because the assault upon the police officer was justified in that the arrest was illegal. However, we do not reach the merits of this contention since the appeal must be dismissed as moot. The Government of the Virgin Islands has filed a motion for such dismissal alleging, inter alia, that the case is moot because the defendant has paid the fine in full, not having obtained a stay under Rule 38(a)(3) of the Federal Rules of Criminal Procedure (5 V.I.C. App. II, 18 U.S.C. App.). That rule provides, inter alia, that if an appeal is taken a sentence to pay a fine may be stayed by the district court or by the court of appeals upon such terms as the court deems proper and that, pending the appeal, the court may require the defendant to pay all or part of the fine in the registry of the district court. The record discloses, as the Government contends, that neither the district court nor this court granted such a stay and that the fine was paid in full.

This court had occasion in Bergdoll v. United States, 1922, 279 Fed. 404, cert. den. 259 U.S. 585, 42 S. Ct. 589, 66 L. Ed. 1076, to consider whether an appeal was moot when the fine was paid before determination on appeal. When that case was called for argument it appeared that the defendant had paid the fine imposed under the judgment sought to be reviewed. The appeal was ordered dismissed as moot on the ground that the voluntary payment of the fine satisfied the judgment against the defendant and precluded review of the conviction since there was no longer a subject matter upon which the judgment of this court could operate. See also Hanback v. District of Columbia, D.C. Mun. App. 1943, 35 A.2d 189; Gillen v. United States, 9 Cir. 1952, 199 F.2d 454; Pennywell v. McCarrey, 9 Cir. 1958, 255 F.2d 735; and Annotations 18 A.L.R. 867; 74 A.L.R. 638; U.S. Sup. Ct.

Rep. 1 L. Ed. 2d 1876. The case is analogous to that of a prisoner who has served his sentence of imprisonment in full prior to the determination of his appeal. St. Pierre v. United States, 1943, 319 U.S. 41, 63 S. Ct. 910, 87 L. Ed. 1199; Williams v. United States, 9 Cir. 1958, 261 F.2d 224, cert. den. 358 U.S. 942, 79 S. Ct. 349, 3 L. Ed. 2d 349; City of Seldovia v. Lund, D.C. Alaska 1956, 138 F. Supp. 382; Hill v. United States, D.C. Mun. App. 1950, 75 A.2d 138.

It is true that if a defendant on appeal is able to show that his conviction entails collateral legal disadvantages in the future which survive the satisfaction of the sentence imposed upon him it cannot be said that his case is moot. Fiswick v. United States, 1946, 329 U.S. 211; United States v. Morgan, 1954, 346 U.S. 502; Pollard v. United States, 1957, 352 U.S. 354, 77 S. Ct. 481, 1 L. Ed. 2d 393; Tatum v. United States, D.C. Mun. App. 1952, 88 A.2d 495; Davis v. District of Columbia, D.C. Mun. App. 1952, 91 A.2d 14. There is here, however, no contention that the judgment sought to be reviewed affects any future rights.

It was urged in argument that the case is not moot because the defendant has incurred a moral stigma which he has the right to clear. But this contention was expressly rejected by the Supreme Court in St. Pierre v. United States, 1943, 319 U.S. 41, 43, 63 S. Ct. 910, 87 L. Ed. 1199, in which case the court said "But the moral stigma of a judgment which no longer affects legal rights does not present a case or controversy for appellate review." In this respect, we repeat what was so aptly stated in State v. Cohen, 1921, 45 Nev. 266, 272, 201 Pac. 1027, 1029:

". . . Appellant's opportunity to relieve himself of any odium that may have attached to his name on account of his conviction was lost by his failure to avail himself of the procedure provided for staying execution of judgment, pending an appeal."

■ At argument counsel for the defendant stated that he had incorporated into the notice of appeal the statement "The defendant by this instrument request [sic] the court of appeals to stay the fine imposed by such terms as the court deems proper." This, however, was wholly ineffective to secure a stay. For the request was incorporated (quite improperly, see Form 26 in the appendix to the Federal Rules of Criminal Procedure [5 V.I.C. App. II, 18 U.S.C. App.]) in the notice of appeal which was filed with the clerk of the district court as required by Rule 37(a)(1) of the Federal Rules of Criminal Procedure (5 V.I.C. App. II, 18 U.S.C. App.). Thus it did not actually come to the attention of this court until the argument of the appeal on January 26, 1960, long after the fine had been paid in full.

How counsel for the defendant expected this court sitting in Philadelphia to know of and act upon an application for a stay which he filed in the district court in Christiansted more than 1700 miles away he does not say. If he had wanted to bring his request to the attention of this court to the end of securing a stay from us one would think that he would have forwarded a written motion for such relief to our clerk in Philadelphia in compliance with Rule 30 of this court. Nor does counsel explain why he did not seek a stay from the district court in which he filed his application and which would have been empowered to grant it if requested to do so. See Rule 38(a)(3) of the Federal Rules of Criminal Procedure (5 V.I.C. App. II, 18 U.S.C. App.). We need only add that the district court properly ignored the defendant's request for a stay since it was not addressed to that court.

We conclude that the fine having been paid in full, no controversy remains for determination and the appeal is moot. Accordingly, we need not consider the other grounds

upon which the Government relies in support of its motion to dismiss the appeal.

■ One more matter must be considered, however. After the oral argument in this case the defendant filed a petition for leave to continue in forma pauperis. This late action was apparently taken in response to another ground relied upon by the Government for dismissal, namely, that, since the defendant on this appeal asks us to hold that the finding of the district court against him is not sustained by the evidence, it was incumbent upon him to procure and file a transcript of the evidence and to incorporate the pertinent parts of it in the appendix to his brief, all of which he failed to do. As a matter of fact, the defendant's appendix contained only some docket entries and a so-called "Condensed Statement of the Testimony" prepared by his counsel which the Government in its brief states does not accurately reflect the actual testimony and which, of course, had no proper place in the appendix. (See Rule 24(2)(e) of this court). Under these circumstances it would have been impossible for this court to consider the merits of the defendant's appeal even if it were not otherwise moot. Chase v. African Methodist Episcopal Church, 3 Cir. 1940, 108 F.2d 977, 2 V.I. 411. But since, as we have seen, it is moot, it would be footless to grant the defendant leave now to proceed in forma pauperis even assuming that his application was timely.

The defendant's application for leave to prosecute his appeal in forma pauperis will be denied and his appeal will be dismissed.