NORMAND SMITH, III, as Special Administrator of the
Estates of NORMAND SMITH and NANCY L. SMITH,

Appellant in No. 15,288

v.

GOVERNMENT OF THE VIRGIN ISLANDS,

and

HARVEY ALUMINUM (Incorporated), and HARVEY
ALUMINA VIRGIN ISLANDS, INC.,

Intervenors and Cross-Appellants in No. 15,301

HARRY NEUMANN,

Appellant in No. 15,289

v.

GOVERNMENT OF THE VIRGIN ISLANDS

and

HARVEY ALUMINA VIRGIN ISLANDS, INC., and
HARVEY ALUMINUM (Incorporated), Respondents and
Cross-Appellants in No. 15,302

Nos. 15,288, 15,289

and

15,301, 15,302

United States Court of Appeals

Third Circuit

Argued February 1, 1966

Decided April 5, 1966

As Amended April 27, 1966

*See, also, 361 F.2d 469*

John D. Marsh, Esq. (Young, Isherwood & Marsh), Christiansted, St. Croix, Virgin Islands, *for appellants*

John L. Hawkins, Esq. (Dewey, Ballantine, Bushby, Palmer & Wood), New York, New York, *for appellees*

Before MARIS, HASTIE and ALDRICH,[1] *Circuit Judges*

HASTIE, *Circuit Judge*

### OPINION OF THE COURT

The matter in dispute here is an award of $20,000 to intervening defendants for attorneys' fees, and $1,326.40 for other costs, against the plaintiffs in two suits. The suits were consolidated in the district court and the contested award was made against the plaintiffs jointly.

In the district court the defendant and the intervening defendants filed motions to dismiss the complaints and for summary judgment. The court entered judgment dismiss-

---

[1] Sitting by designation.

ing the suits on the ground that the plaintiffs lacked standing to sue. On appeal, this court vacated the order of dismissal and remanded the causes with directions to enter summary judgments denying the plaintiffs relief. 3d Cir., 1964, 329 F.2d 135, 4 V.I. 496, cert. denied 377 U.S. 979.

The original orders of the district court dismissed the complaints "with costs and reasonable attorneys' fees". The order of this court on appeal awarded costs in this court and "costs, including attorneys' fees, as allowed in the District Court". It will be observed that on its face this court's order concerning attorneys' fees was no more than an approval of the district court's order that judgment be against the plaintiffs, "with costs and reasonable attorneys' fees" in that court. No question was raised or considered with reference to the propriety of awarding attorneys' fees.

On remand it appeared that the intervenors had paid counsel fees in the amount of $76,050.04 for the services of attorneys who represented them in the district court, as well as $1,326.40 for other costs. The court then awarded $20,000 to the intervenors for attorneys' fees and the full amount of their other costs.

 Authority to award attorneys' fees to the prevailing party in a suit contested in the District Court of the Virgin Islands is statutory. Section 541 of title 5, Virgin Islands Code, provides that "[c]osts which may be allowed in a civil action include . . . (6) [a]ttorney's fees as provided in subsection (b) of this section". Subsection (b) begins by recognizing that the compensation of attorneys is a matter of contract between attorney and client. "[B]ut", the subsection continues, "there shall be allowed to the prevailing party in the judgment such sums as the court in its discretion may fix by way of indemnity for his attorneys' fees in maintaining the action or defense thereto". Thus, the statute makes it a matter of judicial discretion whether

and to what extent the losing party shall indemnify the winner for attorney's fees. On occasion, the district court, exercising that discretion, has refused to make any award for attorneys' fees. Daly v. Kier, 1952, 2 V.I. 227, 228; Stoner v. Bellows, 1951, 2 V.I. 172, 187. Cf. Chase v. A. M. E. Church, 3d Cir., 1940, 108 F.2d 977, 2 V.I. 411 (a case arising under the less discretionary provisions of an earlier statute). Thus, it has been properly recognized that the amount of the attorney's fee agreed upon between attorney and client, or actually paid, is only one factor to be considered in making an award under section 541. Indeed, the relatively small allowances customarily made for attorneys' fees in the Virgin Islands indicate that the normal award under section 541 is often only a minor fraction of what an attorney may reasonably have charged a client for the services involved in the litigation.

This brings us to the specific problem of the present litigation. Both sides have appealed, the plaintiffs contending that the award for attorneys' fees was unwarranted and the Harvey corporations that an award much larger than $20,000 should have been made. We consider the nature and course of the litigation in order to determine what considerations, if any, appear which should guide or control the decision of the court upon this matter of attorneys' fees.

■ These actions are taxpayers' suits authorized by section 80 of title 5 of the Virgin Islands Code, seeking to invalidate proposed expenditures of public funds and alienation of public property to facilitate the establishment of an alumina manufacturing plant by the Harvey corporations in St. Croix, Virgin Islands. Although this court concluded that on the record the plaintiffs had failed to establish illegality in the transactions in question we recently indicated in another case our view of the value and import-

ance of taxpayers' suits as a protection against misuse of power by public officers. We said:

"The purpose of the statute is the salutary one of enabling taxpayers to obtain the aid of the district court to restrain any illegal acts of territorial authorities or any illegal diminution of territorial funds or property either through the unlawful creation of territorial debt, the unlawful expenditure of territorial funds or the unlawful alienation of territorial property. Such suits are freely entertained at common law in most of the states and territories and serve a very useful public purpose in keeping within legal bounds the actions of government officers, especially in dealing with the public property and funds. Particularly are such suits useful in territories, such as the Territory of the Virgin Islands, where the territorial governor is appointed from Washington and neither he nor the executive officers and employees appointed by him are answerable to the voters of the territory or subject to impeachment or removal by the elected territorial legislature." Smith and Gross v. Government of the Virgin Islands, 1964, 329 F.2d 131, 133.

■ We think, therefore, that in this type of case an important public interest is served by avoiding awards of attorneys' fees which are so large and burdensome as to discourage taxpayers' suits that are brought in good faith and are not frivolous, even though in a legal view some plaintiffs' apprehension of illegality in the challenged course of public administration may prove to be inadequately based. Relatively few citizens are wealthy. Persons of limited means are likely to be deterred from litigating honest and serious claims of official wrongdoing if they face the prospect, if unsuccessful, of paying not only their own attorneys' fees and ordinary costs but also many thousands of dollars for defendants' attorneys' fees. We think that the claims in this litigation were not frivolous and that the award made was so large that it would probably have a serious deterrent effect upon future taxpayers' suits in the Virgin Islands.

■ ■ One other consideration militates against the award in the Smith case. While the plaintiff in the Neumann case sued Harvey as well as the Government, the

Smith suit was brought against the Government of the Virgin Islands alone, while the Harvey corporations subsequently elected to intervene. Both suits were decided, without necessity for a trial, on motions to dismiss and for summary judgment. We cannot assume that the local government, defending the Smith action alone, could not or would not have presented its case adequately. Moreover, the court properly did not award counsel fees to the Government, the only party compelled to defend the action.

Of course the Harvey corporations were greatly interested in the outcome of the litigation, the Smith case in which they intervened as well as the Neumann case in which the plaintiff named them as defendants. For this litigation threatened valuable promised public subsidization of their proposed new venture. Therefore, it was entirely proper that they ask to intervene in the Smith case as respondents and that they be permitted to do so as provided in Rule 24, Federal Rules of Civil Procedure. Yet, the Smith case was not one in which, as a practical matter, they were forced to become parties or allow the justification of the government's proposed subsidization to go by default. They merely wished to be able to supplement the skill of government counsel with the skill of their own counsel in presenting the government's defense. No new claim was introduced by their intervention. Thus, in a real sense these intervenors, though they had a financial interest in the outcome of the Smith case, were interested volunteers electing to join the government in justifying the government's conduct. We think these considerations so weaken the equitable basis of the claim to indemnification for counsel fees that no such award should be made against the plaintiff who has unsuccessfully prosecuted a bona fide and substantial taxpayer's suit. Cf. Reed v. Provident Life Assur. Soc., 1907, 190 N.Y. 11, 82 N.E. 734.

■ With reference to the Neumann suit, we recognize the district court's wide discretion in awarding costs, including attorneys' fees, under the statute. But we think the court failed to take sufficiently into account the probably deterrent effect of a substantial award for attorneys' fees upon any bona fide taxpayers' suits contemplated in the future. We cannot say that no award to the Harvey corporations for attorneys' fees was justified. But for the above stated reasons we think the award should have been little more than nominal, certainly not any substantial part of the large cost of the services of very eminent counsel whom Harvey retained.

The order of the district court will be vacated and the cause remanded with instructions to disallow costs in the Smith case and to award the Harvey corporations $2,500 for all costs, including attorneys' fees, in the Neumann case. No party shall be awarded costs as against any other on this appeal.