**Riley M. JONES, Petitioner,**

**v.**

**Ray .H. PAGE, Warden and Raymond· W. Graham, Judge, District Court, Tulsa County, Respondents.**

**No. A–14481.**

Court of Criminal Appeals of Oklahoma.

Jan. 3, 1968.

Riley M. Jones, pro se.

G. T. Blankenship, Atty. Gen., for respondents.

## MEMORANDUM OPINION

BUSSEY, Judge.

This is a proceeding styled "Motion for a Copy of All Court Records in Forma Pauperis; In Re Petition for a Writ of Habeas Corpus," which we will treat as an application for a writ of habeas corpus.

Briefly stated, the defendant was convicted in District Court of Tulsa County, Case No. 20541, for the crime of Burglary of a Coin Operated Machine, After Former Conviction of a Felony, sentenced to serve a term of three years imprisonment in the State Penitentiary and was committed to said institution to serve the sentence. The petitioner sought a post conviction review in this Court, Case No. A–13710, and thereafter an evidentiary hearing was ordered by this Court in the District Court of Tulsa County. Petitioner was returned to said county where he was represented by counsel and after evidence was offered in said hearing, petitioner alleges he sought dismissal of the evidentiary hearing and dismissal of his application in this Court for post conviction review. Subsequent thereto, petitioner completed serving the sentence imposed against him and was later charged in Tulsa County District Court .Case No. 22198, with the crime of Grand Larceny, After Former Conviction of a Felony, for· which he was convicted and is currently serving a sentence of nine years imprisonment in the State Penitentiary in McAlester, Oklahoma.

Although the petitioner abandoned and dismissed his request for the post conviction appeal in District Court case #20541, he now seeks to "reopen" and review his request for post conviction review of the sentence already served.

We have repeatedly held that a prisoner may waive or abandon any statutory or constitutional right provided that the same does not contravene public policy. It is thus clear that a prisoner may waive or abandon his right to a judicial review of his conviction except where the punishment imposed is death. It can be seen that the

petitioner cannot now revive his application for a post conviction review, having abandoned the same. Particularly is this true if, as in the instant case, he seeks judicial review where the judgment and sentence imposed has been satisfied. We have repeatedly held that when defendant has served his time before the appeal is decided, it will be dismissed. See Carey v. State, 24 Okl.Cr. 273, 217 P. 895; Tropp v. State, 17 Okl.Cr. 702, 186 P. 737; City of Seldovia v. Lund, 138 F.Supp. 382, 16 Alaska 112, and cases cited therein.

For all of the reasons above set forth the relief prayed for is accordingly denied. Writ denied.

NIX, P. J., and BRETT, J., concur.