**HELVIA FIGUEROA, a/k/a HELVIA GEIGEL, Plaintiff**

**v.**

**TRANS–OCEANIC INSURANCE COMPANY AND JOSE FIGUEROA, Defendants**

Civil No. 165-1973

District Court of the Virgin Islands

Div. of St. Croix

August 8, 1975

LOUD & CAMPBELL, ESQS. (ROGER L. CAMPBELL, of counsel), St. Thomas, V.I., *for defendants*

RUSSELL B. JOHNSON, ESQ., Christiansted, St. Croix, V.I., *for plaintiff*

YOUNG, *District Judge*

MEMORANDUM OPINION AND SUPPLEMENTAL JUDGMENT

On June 11, 1975, a Judgment in the above-styled action was rendered by this Court, pursuant to which defendant Trans-Oceanic Insurance Company was awarded against plaintiff Helvia Figueroa the sum of $69,585.91, plus "costs . . . and reasonable attorneys' fees to be determined upon the filing of a bill of costs and affidavit . . . ." Counsel for defendant has, in compliance with said Order, submitted to the Court a Bill of Costs and Attorney's Certificate.

Although Trans-Oceanic is clearly the "prevailing party" in this action, as that term is used in 5 V.I.C. § 541(b), I do not believe that attorneys' fees should be awarded against plaintiff Figueroa. Much of the source (and cause) of this litigation can be traced to the mysterious accounting method utilized by defendant. Plaintiff sought the instant accounting only in an effort to clarify her existing financial status vis-a-vis the defendant. To further penalize plaintiff by assessing $9,243.75 in attorneys' fees against her would, I believe, betray the discretion given this Court in 5 V.I.C. § 541(b).

The recent Third Circuit decisions in Lindy Bros. Bldrs., Inc. v. American R & S San Corp. 487 F.2d 161 (3rd Cir. 1973), and Estien v. Christian, 507 F.2d 61 (3d Cir. 1975), set forth the standards by which an attorneys' fee award should be properly computed by a trial court. In doing so, the Third Circuit has substantially reduced the trial court's discretion in determining the *amount* of the

award to be given. Nothing in the Lindy or Estien decisions, however, suggests that the judge's discretion on the question of whether or not to grant attorneys' fees in the first instance has been abridged in any way. See Estien v. Christian, supra at 63. I choose to exercise that discretion in this case.

SUPPLEMENTAL JUDGMENT

In accordance with the foregoing Memorandum Opinion and the reasons set forth therein, it is hereby

ORDERED, ADJUDGED and DECREED:

1. That defendant Trans-Oceanic Insurance Company be indemnified by plaintiff Helvia Figueroa for costs incurred as a result of the instant litigation in the amount of $490.03.

2. That defendant Trans-Oceanic Insurance Company, the prevailing party herein, pay its own counsel fees incurred as a result of the instant litigation.