## WINSTON LALTOO, Plaintiff
### v.
## BANK OF NOVA SCOTIA, Defendant/Third-Party Plaintiff
### v.
## RUBY LALTOO, Third-Party Defendant

Civil No. 78/186

District Court of the Virgin Islands

Div. of St. Croix

May 26, 1981

RUSSELL B. JOHNSON, ESQ., Christiansted, St. Croix, V.I., *for plaintiff*

WARREN B. COLE, ESQ. (ISHERWOOD, BARNARD & DIEHM), Christiansted, St. Croix, V.I., *for defendant/third-party plaintiff*

EDDY RIVERA, ESQ., Christiansted, St. Croix, V.I., *for third-party defendant*

BRODERICK, *Judge*

## MEMORANDUM

The plaintiff, Winston Laltoo, instituted this action for damages against the defendant, the Bank of Nova Scotia, for the defendant's alleged negligence in permitting his ex-wife, Mrs. Laltoo, to gain access to the safety deposit box which the plaintiff rented from the defendant. The plaintiff alleged that Mrs. Laltoo, on September 13, 1978, removed from the safety deposit box some items of jewelry which belonged to the plaintiff. The defendant joined Mrs. Laltoo as a third-party defendant pursuant to Fed. R. Civ. P. 14, and Mrs. Laltoo subsequently filed a claim for damages against the plaintiff on the ground that she owned some items of jewelry which she had

not removed from the safety deposit box. This action was tried before a jury on March 12 and March 13, 1981. The jury, by answering interrogatories, found that the defendant was not liable to the plaintiff and awarded Mrs. Laltoo $10,000.00 as damages for the jewelry which she claimed was hers and which she did not take from the safety deposit box on September 13, 1978.

The plaintiff filed a post-trial motion for a judgment n.o.v. or a new trial. The defendant bank filed a motion for costs and attorney's fees. Mrs. Laltoo also filed a motion for costs and attorney's fees, and for after judgment attachment of the jewelry. Mr. Lyons, who appraised some of the jewelry and testified at trial as to the value of such jewelry , filed a motion seeking to deposit with the Court the jewelry which was turned over to him for appraisal.

In support of his motion for judgment n.o.v., the plaintiff claims that a reasonable jury, after hearing the evidence at trial, could only have rendered its verdict on liability in favor of the plaintiff and against the defendant bank. The Court can grant a judgment n.o.v. "only when, without weighing the credibility of the evidence, there can be but one reasonable conclusion as to the proper judgment." 5A Moore's Federal Practice ¶50.07[2], at 50-77 (footnote omitted) (2d ed. 1974); Thomas v. E. J. Korvette, Inc., 476 F.2d 471 (3d Cir. 1973). A party is not entitled to move for a judgment n.o.v. unless he has moved for a directed verdict, pursuant to Fed. R. Civ. P. 50(b), "at the close of all the evidence." Id.; Lowenstein v. Pepsi-Cola Bottling Co. of Pennsauken, 536 F.2d 9 (3d Cir.), cert. denied, 97 S.Ct. 396 (1976). Although a transcript of the trial has not been made, it is the Court's recollection that the plaintiff did not move for a directed verdict at the close of all the evidence. The Court will therefore deny his motion for a judgment n.o.v. Lowenstein, supra. However, in the event that the plaintiff had moved for a directed verdict at the close of all the evidence, the Court would nevertheless deny the plaintiff's motion for a judgment n.o.v. The evidence at trial, viewed in the light most favorable to the defendant, showed that although Mrs. Laltoo was not authorized to enter the safety deposit box under the contractual agreement between the bank and Mr. Laltoo, this action did not allege a breach of contract but was an action in tort alleging negligence by the defendant bank. The thrust of the plaintiff's negligence allegation was that the bank was negligent in placing Ms. Arlene Clendinen in charge of the safety deposit boxes without having adequately trained her for the job. On September 13, 1978, Ms. Clendinen had been employed by the bank

for only two weeks. The evidence also showed, however, that she had worked for the Bank of America in the Virgin Islands for two years prior to her employment with the defendant and during that period she had experience in admitting customers to safety deposit boxes. The relationship between a bank and a customer who leases a safety deposit box is that of a bailor and bailee, and a bank is only under a duty to exercise ordinary care in preventing unauthorized access to the box. Furthermore, it is not negligence per se for the defendant to have inadvertently permitted Mrs. Laltoo to gain access to the safety deposit box, although such unauthorized access may well have been a violation of the contractual agreement between the defendant and the plaintiff. Therefore, without weighing the credibility of the evidence, the Court concludes that a reasonable jury, after having heard the evidence presented at trial, could find as it did that the plaintiff has not carried his burden of proving by a preponderance of the evidence that the defendant bank was negligent.

In support of his motion for a new trial, the plaintiff claims that the jury misunderstood the verdict form and mistakenly found that the defendant was not liable to the plaintiff. Motions for a new trial require the exercise of discretion by the Court, whose "duty is essentially to see that there is no miscarriage of justice." 6A Moore's Federal Practice ¶59.08[5], at 56-160 (footnote omitted) (2d ed. 1974); Thomas v. E. J. Korvette, Inc., 476 F.2d 471 (3d Cir. 1973). The jury's verdict may be set aside only if manifest injustice will result if it were allowed to stand. The Court may not substitute its own judgment for that of the jury merely because the Court may have reached a different conclusion. On the basis of the evidence presented to the jury, and for the reasons stated in connection with the plaintiff's motion for judgment n.o.v., the jury could reasonably have concluded that the plaintiff failed to carry his burden of proving that the defendant was negligent. Furthermore, the amount of damages awarded by the jury to Mrs. Laltoo was supported by her testimony and the appraisal testimony of Mr. Lyons. The Court concludes that there is no manifest injustice in allowing the jury's verdict to stand and that the verdict was not against the clear weight of the evidence. The Court will therefore deny the plaintiff's motion for a new trial.

As previously stated, a motion has been filed by Mr. Lyons, the appraiser who testified at trial as to the value of the jewelry. At the time his motion was filed Mr. Lyons was in possession of the

jewelry which he appraised and seeks to deposit it with the Court. Mr. Lyons' motion will be denied. This was not an action for replevin, but an action for monetary damages and Mrs. Laltoo, if she now wishes to collect upon the judgment, may proceed to have a writ of execution issued against whatever property she determines to be that of Mr. Laltoo. This is not a situation covered by Fed. R. Civ. P. 67 and 28 U.S.C. § 2041 in that there is now no issue as to the ownership of the jewelry. The jury's verdict was solely an award of monetary damages.

■ The defendant bank has moved for an award of costs, including attorney's fees, against the plaintiff. 5 V.I.C. § 541(a). Despite the jury's verdict in favor of the bank, it is clear that this legal action would not have arisen but for the bank's breach of contract in permitting Mrs. Laltoo's access to Mr. Laltoo's safety deposit box. The Court, in its discretion, will therefore deny the bank's request for an award of attorney's fees and costs. Id. § 541; Figueroa v. Trans-Oceanic Insurance Company, 12 V.I. 140 (D.C.V.I. 1975); Government of the Virgin Islands v. Approximately 3.4 Acres, 12 V.I. 469 (D.C.V.I. 1975).

■ Mrs. Laltoo has also moved for an award of costs, including attorney's fees, against the plaintiff. Although the jury returned a verdict in favor of Mrs. Laltoo, this does not obviate the fact that Mrs. Laltoo attempted and succeeded in gaining access to a safety deposit box that she did not rent. The Court, in its discretion, will therefore deny Mrs. Laltoo's request for an award of attorney's fees and costs. 5 V.I.C. § 541; Figueroa, supra; Approximately 3.4 Acres, supra.

■ Finally, Mrs. Laltoo has filed a motion which is captioned "Motion For After Judgment Attachment" in connection with jewelry owned by the plaintiff, Winston Laltoo. This motion was filed pursuant to Fed. R. Civ. P. 64, which deals exclusively with pre-judgment attachment of property. In this action verdict and judgment have been entered in favor of Mrs. Laltoo and against Mr. Laltoo in the amount of $10,000.00. This motion will be denied without prejudice to Mrs. Laltoo proceeding, if she so desires, to obtain a writ of execution against any property of Mr. Laltoo. 5 V.I.C. § 471.

An appropriate order will accordingly be entered.

## ORDER

AND NOW, this 26th day of May 1981, the Court, having considered the post-trial motions filed by the parties in this action, and

for the reasons set forth in the Court's Memorandum dated May 26, 1981, hereby ORDERS that:

1) the plaintiff's motion for judgment n.o.v. or new trial is DENIED;

2) the motion of the defendant Bank of Nova Scotia for costs and attorney's fees is DENIED;

3) the motion of third-party defendant Ruby Laltoo for costs and attorney's fees is DENIED;

4) the motion of third-party defendant Ruby Laltoo for attachment pursuant to Fed. R. Civ. P. 64 is DENIED; and

5) the motion of Mr. Lyons to deposit into the Court the jewelry in his possession is DENIED.