**NANCY ANDERSON, Plaintiff**

**v.**

**BASIL BRYAN, Defendant**

Civil No. ST-08-CV-545

Superior Court of the Virgin Islands

Division of St. Thomas and St. John

June 24, 2013

KARIN A. BENTZ, ESQ., The Law Offices of Karin A. Bentz, P.C., St. Thomas, USVI, *For the Plaintiff*.

JOSEPH B. ARELLANO, ESQ., Arellano & Associates, St. Thomas, USVI, *For the Defendant*.

CARROLL, *Judge*

## MEMORANDUM OPINION

(June 24, 2013)

**THIS MATTER** is before the Court on Defendant Basil Bryan's Post-Trial Motions, filed December 27, 2012, and Plaintiff Nancy Anderson's Motion for Award of Prejudgment Interest, Costs, and to Amend Judgment, filed November 19, 2012.[1] The Court finds that the continuing violations doctrine does not apply to the nuisance claim in this matter, and, therefore, the nuisance claim is barred by the statute of limitations. The Court will grant Defendant's Post-Trial Motions in part, vacate the jury's award of monetary damages, and dismiss the nuisance claim. Further, the Court finds that an award of interest and costs is inappropriate as there is no prevailing party and no monetary award. The

---

[1] Plaintiff Nancy Anderson is represented by Karin A. Bentz, Esq., of the Law Offices of Karin A. Bentz, P.C. Defendant Basil Bryan is represented by Joseph B. Arellano, Esq., of Arellano & Associates.

Court will deny the Motion for Award of Prejudgment Interest, Costs, and to Amend Judgment.

## FACTS

This case is centered upon a real estate transaction that took place in 2002, in which the Defendant contracted to sell Parcel No. 17-5C, Estate St. Peter, St. Thomas Virgin Islands, to the Plaintiff. At the time of the sale, the parties also executed an agreement that granted the Plaintiff an easement and required the Defendant to pave the roadway on the easement within ninety (90) days. The Defendant did not pave the roadway, and, on November 10, 2008, the Plaintiff initiated an action against the Defendant alleging breach of contract, nuisance, and requesting an injunction. Prior to the trial, the Court dismissed the breach of contract action on statute of limitations grounds. Subsequently, this matter came on for a jury trial on May 9, 2011 through May 23, 2011. The jury returned a verdict in favor of the Plaintiff on all Counts.

At the close of the Plaintiff's case, the Defendant orally moved the Court for a directed verdict. The Court reserved ruling on the Motion and directed the parties to brief the issues. On November 2, 2012, the Court issued a Memorandum Opinion and Order denying the Defendant's motion for a directed verdict and reaffirming the Court's prior ruling that the continuing torts doctrine (or continuing violations doctrine) tolled the statute of limitations on the nuisance claim.

On January 17, 2013, the Supreme Court of the Virgin Islands issued an Opinion in *Anthony v. FirstBank Virgin Islands*[2] discussing, among other things, the "continuing violations" doctrine. On February 11, 2013, this Court ordered the parties to provide supplemental briefing on the issue of the continuing violations doctrine as it applies to the present matter.

## DISCUSSION

### I. The Continuing Violations Doctrine and the Defendant's Post-Trial Motions

The Court finds that the Supreme Court's explanation of the continuing violations doctrine applies to this case and contravenes this Court's

---

[2] *Anthony v. FirstBank Virgin Islands*, S.Ct. Civ. No. 2010-0054, 2013 V.I. Supreme LEXIS 5 (January 17, 2013).

previous ruling on the claim for nuisance. Therefore, the Court reconsiders its ruling on nuisance and finds that the continuing violations doctrine does not apply to this case. Accordingly, the statute of limitations for the nuisance claim was not tolled, and the Court agrees with the Defendant's argument that the nuisance action is barred by the statute of limitations.

 A trial court is free to revise any interlocutory order at any time prior to the entry of a final judgment, absent explicit statutory or constitutional authority to the contrary.[3] "[E]very order short of a final decree is subject to reopening at the discretion of the [trial] judge."[4] In this case, a final judgment has not been entered; the Defendant's pretrial motions and the Plaintiff's request for attorney's fees are still before this Court. It is well within the Court's power to reexamine its decision on the issue of the statute of limitations for the nuisance claim.

The Defendant has consistently raised statute of limitations as an affirmative defense to the Plaintiff's contract and tort claims.[5] In a December 6, 2010 Memorandum Opinion, the Court found that the Defendant contracted to pave the easement on or before August 7, 2002.[6] The Complaint in this matter was filed on November 10, 2008. However, pursuant to its December 6, 2010 Opinion, the Court allowed the matter to move forward on a nuisance tort claim (despite being subject to a two-year statute of limitations) because the Court found that the Defendant's continued refusal to pave the road gave rise to a sufficiently reoccurring, continued nuisance that tolled the limitations period. The Court reaffirmed this reasoning in its November 2, 2012 Memorandum Opinion.

The Supreme Court of the Virgin Islands recently addressed the law of the continuing violations doctrine in *Anthony v. FirstBank Virgin Islands*.[7] In Anthony, the Plaintiff purchased a condominium unit purportedly based

---

[3] *Island Tile LLC v. Bertrand*, 57 V.I. 596, 609 (2012); *see United States v. Jerry*, 487 F.2d 600, 604 (3d Cir. 1973).

[4] *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 12, 103 S. Ct. 927, 74 L. Ed. 2d 765 (1983).

[5] Def's Ans. to Pl.'s Fifth Am. Compl., Affirmative Defenses Nos. 9, 14.

[6] *Anderson v. Bryan*, Civ. No. ST-08-CV-545, 2010 WL 7371945, at *2 (Super. Ct. Dec. 6, 2010).

[7] *Anthony*, 2013 V.I. Supreme LEXIS 5.

on the Condominium Association's representation that it carried insurance. Around the same time as the purchase, Hurricane Marilyn struck St. Thomas and essentially destroyed the condominium. The insurance provider was unable to pay to repair the building and the Condo Association did nothing.

■ Anthony argued that the statute of limitations on the initial wrong, the Condo Association's representation that it was insured, was tolled by the ongoing damaged state of the property. However, Anthony failed to allege some course of conduct that was actionable — his claim was based entirely on the single act of the Condo Association's insurance representation. The Supreme Court clarified that an application of the continuing violations doctrine requires that some unlawful act occurred within the limitations period, and held that the ill effects of the original unlawful act do not qualify for the purpose of tolling the limitations period.[8]

■ Similarly, the Plaintiff in this case alleges a single unlawful act: the failure to pave the easement. Therefore, the continuing unlawful act that occurred during the limitations period is simply the continued failure to pave the easement. The Plaintiff argues that by not paving the easement, the Defendant is engaged in a repeated interference with her use and enjoyment of the land. However, the Supreme Court's Opinion is clear that the Plaintiff must show that there is a continuing wrongful act and not simply continuing ill effects from an initial wrongful act.

If the Court were to adopt the Plaintiff's view of the continuing tort doctrine, it is difficult to see how any nuisance claim could be time barred. In this case, there is only the initial wrongful act. The Defendant's continued refusal to pave the easement is not action, but inaction. Although this inaction interfered with the Plaintiff's use and enjoyment of the land, such interference was the continued ill effect of the initial refusal to pave the easement. Although this ill effect continued outside the limitations period, the Court requires a continued unlawful act beyond the harm caused by the initial unlawful act. The record reflects no such act beyond the initial refusal to pave the road.

Because the continuing violation doctrine does not apply, the statute of limitations was never tolled and the Plaintiff's nuisance claims are

---

[8] *Id.* 2013 V.I. Supreme LEXIS 5.

time-barred. The Court will grant the Defendant's Post-Trial Motions in part, dismiss the nuisance claim, and vacate the portion of the jury verdict awarding $75,000.00 in damages for the nuisance.

## II. The Plaintiff's Motion for Award of Prejudgment Interest, Costs, and to Amend Judgment

█ In the courts of the Virgin Islands, the American Rule against shifting fees to the losing party generally does not apply.[9] However, "there shall be allowed to the *prevailing party* in the judgment such sums as the court *in its discretion* may fix by way of indemnity for his attorney's fees in maintaining the action or defenses thereto."[10] V.I. Code title 5, section 541 states, "The allowance of costs to the prevailing party in litigation is not a matter of right, but is an exercise of discretion by the trial court."[11] As awarding costs is discretionary, even the allowance of costs to a prevailing party is not a matter of right.[12]

██ However, in the case where no party is at fault in the litigation, or there is no prevailing party, it may be appropriate not to award attorney's fees.[13] Given the length and complexity of this litigation, and the voluminous motion practice of both parties, this Court finds an award of attorney's fees inappropriate. Although the ultimate judgment did favor the Plaintiff on the easement enforcement claim, the Defendant prevailed against the Plaintiff on the breach of contract and nuisance claims. Additionally, given the long history of the litigation, the prolific motion practice, the extraordinarily high amount of attorney's fees and costs requested, and procedural missteps, this Court finds it improper to award additional sums to the Plaintiff and will deny the Plaintiff's Motion for costs and fees.

---

[9] *Prosser v. Prosser*, 40 F. Supp. 2d 663, 671, 40 V.I. 241 (D.V.I. App. 1998).

[10] V.I. CODE ANN. tit. 5, § 541(b) (1997) (emphasis added).

[11] *Id.*

[12] *Sebastian v. Estate of Fredericks*, 22 V.I. 78, 86 (Terr. Ct. 1986); *Bedford v. Pueblo Supermarkets of St. Thomas, Inc.*, 18 V.I. 275, 277 (D.V.I. 1981).

[13] *Newfound Management Corp., General Partner of Newfound Ltd. Partnership v. Sewer*, 34 F. Supp. 2d 305, 318, 40 V.I. 335 (D.V.I. 1999); *see also Laltoo v. Bank of Nova Scotia*, 18 V.I. 479 (D.V.I. 1981); *Figueroa v. Trans-Oceanic Ins. Co.*, 12 V.I. 140 (D.V.I. 1975); *Daly v. Kier*, 2 V.I. 227, 228 (D.V.I. 1952); *Stoner v. Bellows*, 2 V.I. 172, 187 (D.V.I. 1951); *Chase v. A.M.E. Church*, 108 F.2d 977, 2 V.I. 411 (3d Cir. 1940).

■ Finally, the Plaintiff has moved for prejudgment interest. Prejudgment interest is normally granted, except in exceptional or unusual circumstances that make the award for interest inequitable.[14] However, the Court will vacate the nuisance damages award, which was subject to prejudgment interest. Therefore, there is no monetary award subject to prejudgment interest, and the request is moot.

## CONCLUSION

■ The continuing violations doctrine requires that the party attempting to benefit from its application show a repeated act and not just repeated harm from an initial act. In this matter, the act of not paving the roadway pursuant to the easement was a single act, and the repeated harm suffered from it does not justify applying the continuing violations doctrine. Without the continuing violations doctrine to toll the statute of limitations, the nuisance action is time-barred and the Court must vacate the jury's damages award and dismiss the nuisance claim. Since the Defendant has succeeded on the nuisance claim and the original breach of contract claim, the Court finds that there is no prevailing party, and, therefore, an award of costs and attorney's fees is inappropriate. The Court will grant in part the Defendant's Post-Trial Motions and deny Plaintiff Nancy Anderson's Motion for Award of Prejudgment Interest Costs and to Amend Judgment.

---

[14] *Anthuis v. Colt Indus. Op. Corp.*, 971 F.2d 999, 1010 (3d Cir. 1992).