**HECTOR AVILA ESTIEN, an infant by his next friend, MARIANO ESTEIN, Appellee**

v.

**CLIFFORD CHRISTIAN, et al., CLIFFORD CHRISTIAN, Appellant**

No. 74-1855

United States Court of Appeals

Third Circuit

Argued December 5, 1974

Filed January 2, 1975

---

EDWARD J. OCEAN, ESQ., Christiansted, St. Croix, V.I., *for appellant*

LEROY A. MERCER, ESQ., Christiansted, St. Croix, V.I., *for appellee*

Before SEITZ, *Chief Judge*, and VAN DUSEN and ROSENN, *Circuit Judges*

OPINION OF THE COURT

VAN DUSEN, *Circuit Judge*

This appeal challenges the amount of attorney's fees awarded by the district court in a judgment entered in favor of the plaintiff, and against defendant Christian, on June 27, 1974. We vacate that part of the judgment which awarded the fees and remand for further consideration in light of our recent opinion in Lindy Bros. Bldrs., Inc. of Phila. v. American R. & S. San. Corp., 487 F.2d 161 (3d Cir. 1973); see also Merola v. Atlantic Richfield Co., 493 F.2d 292 (3d Cir. 1974).

The complaint, brought by a student at the public school where defendant Christian was then acting principal, pleaded two separate causes of action. One was brought against the Government of the Virgin Islands pursuant to the Virgin Islands Tort Claims Act, Title 33 V.I.C. Ch. 118.[1] The second cause of action was brought against Christian pursuant to 42 U.S.C. § 1983.[2] Both causes of action were tried at the same time, but the claim against the Government was tried to the court, while the civil rights action was submitted to a jury. The jury returned a verdict for the plaintiff in the amount of $150.00 compensatory damages, declining to award any punitive damages. In addition to the damages assessed by the jury and nominal costs, the judgment of the court awarded the plaintiff an attorney's fee of $1500.00.

5 V.I.C. § 541 provides in pertinent part:

"(a) Costs which may be allowed in a civil action include:

. . .

(6) Attorney's fees as provided in subsection (b) of this section.

"(b) The measure and mode of compensation of attorneys shall be left to the agreement, expressed or implied, of the parties; but there shall be allowed to the prevailing party in the judgment such sums as the court in its discretion may fix by way of indemnity for his attorneys fees in maintaining the action or defenses thereto."

■ ■ Although the matter of the award and its amount are within the district court's discretion, "[t]he amount of attorney's fees to be awarded to the prevailing party is . . . intended to be an indemnification of the prevailing party

---

[1] Count I, brought under Title 33 V.I.C. § 3408, alleged that Christian, while acting within the scope of his official capacity, inflicted unreasonable punishment on plaintiff by improperly administering a severe, unreasonable and unauthorized beating to Hector Estien. The court entered judgment of $8500.00 and an attorney's fee of $1,000.00. See judgment of July 3, 1974, (D. V.I., Civil 216/73).

[2] The § 1983 action alleged deprivation of plaintiff's rights and privileges as a United States citizen through an unreasonably severe beating administered as a disciplinary measure by Christian.

for a fair and reasonable portion of his attorney's fees incurred in the prosecution or defense of the action, and not for the whole amount charged by the attorney. . . ." Lucerne Investment Co. v. Estate Belvedere, Inc., 411 F.2d 1205, 1207 (3d Cir. 1969). Standards to guide the district courts in awarding such reasonable fees were stated by Chief Judge Seitz in Lindy, supra at 167:

"Before the value of the attorney's services can be determined, the district court must ascertain just what were those services. To this end the first inquiry of the court should be into the hours spent by the attorneys—how many hours were spent in what manner by which attorneys. It is not necessary to know the exact number of minutes spent nor the precise activity to which each hour was devoted nor the specific attainments of each attorney. But without some fairly definite information as to the hours devoted to various general activities . . . , the court cannot know the nature of the services for which compensation is sought.

. . .

"After determining, as above, the services performed by the attorneys, the district court must attempt to value those services. . . .
"The value of an attorney's time generally is reflected in his normal billing rate."

No itemization of the hours spent by plaintiff's attorney for his work appears in the record. The same evidence formed the gravamen of each cause of action stated in the complaint. The trial, which began about four o'clock on the afternoon of June 24, was concluded about 10:30 o'clock on the night of June 25, 1974, when the verdict was returned. There is nothing in the record to indicate that the issues involved were complicated. Some 14 witnesses testified. Counsel agree that $50.00 per hour, or $500.00 per day, is the going rate for conduct of a trial in the Virgin Islands. However, depositions were taken and other pretrial activity must have been involved. As Lindy notes at 167, ". . . the court may find that the reasonable rate of compensation differs for different activities."

Lindy finds two factors other than time pertinent to determining the amount of a reasonable award of attorney's fees:

"While the amount thus found to constitute reasonable compensation should be the lodestar of the court's fee determination, there are at least two other factors that must be taken into account in computing the value of attorneys' services. The first of these is the contingent nature of success; . . . In assessing the extent to which the attorneys' compensation should be increased to reflect the unlikelihood of success, the district court should consider any information that may help to establish the probability of success. . . .[3]

"The second additional factor the district court must consider is the extent, if any, to which the quality of an attorney's work mandates increasing or decreasing the amount to which the court has found the attorney reasonably entitled. In evaluating the quality of an attorney's work in a case, the district court should consider the complexity and novelty of the issues presented, the quality of the work that the judge has been able to observe, and the amount of the recovery obtained. . . . In making allowance for the quality of work, the court must keep in mind that the attorney will receive an otherwise reasonable compensation for his time under the figure arrived at from the hourly rate. Any increase or decrease in fees to adjust for the quality of work is designed to take account of an unusual degree of skill, be it unusually poor or unusually good. If the district judge determines that particular work was of a typical quality, he should, in increasing or decreasing the fee, be cognizant of the amount of time devoted to that given activity. Further, in increasing or decreasing an attorney's compensation, the district judge should set forth as specifically as possible the facts that support his conclusion."[4] 487 F.2d at 168–69 (footnotes omitted).

---

[3] This record does not disclose whether or not defendant Christian had arranged to compensate his attorney on a contingent basis.

[4] In Lucerne Investment Co. v. Estate Belvedere, Inc., 411 F.2d 1205, 1207 (3d Cir. 1969), Judge Maris listed the following as "appropriate criteria for the court's consideration in awarding attorney's fees as costs to a prevailing party in a civil action under" 5 V.I.C. § 541:

". . . the time and labor required, the novelty and difficulty of the questions involved, the skill requisite properly to conduct the cause, the customary charges of the bar for similar services, the amount involved in the controversy, the benefits resulting to the client from the services, and the contingency or certainty of the compensation."

Also, this court has recognized that "the amount of the attorney's fee agreed upon between attorney and client, or actually paid, is only one factor to be considered in making an award under section 541. Indeed, the

The information necessary to apply the above standards can be supplied by affidavits, e.g., Tranberg v. Tranberg, 456 F.2d 173, 175 (3d Cir. 1972), stipulations, or a hearing. See Lindy, supra at 169.

Appellant objects particularly to what he terms "the disproportionate amount" of the attorney's fees awarded on the two counts of the complaint in relation to the damage awards on these two counts.[5] He contends that such disproportion "shows that the court failed to consider any criteria in fixing the attorney's fees" (p. 4 of appellant's brief). Because of the lack of any basis in the record for application of the standards set forth in Lindy, supra, we need not determine this contention on the barren record now before us.

■ Since the record fails to supply the information necessary to apply the Lindy standard, it is clear that the award of the $1,500.00 counsel fee in this case was inconsistent with the sound exercise of discretion. See Lindy, supra at 170.

The award of attorney's fees in the June 27, 1974, judgment will be vacated and the case remanded to the district court for further proceedings consistent with this opinion.

---

relatively small allowances customarily made for attorneys' fees in the Virgin Islands indicate that the normal award under section 541 is often only a minor fraction of what an attorney may reasonably have charged a client for the services involved in the litigation." See Smith v. Government of the Virgin Islands, 361 F.2d 469, 471 (3d Cir. 1966). Another recent case considering in detail criteria governing attorney's fees is Georgia v. Highway Express, Inc., 488 F.2d 714, 717–19 (5th Cir. 1974).

[5] Appellant also called our attention to the October 22, 1974, judgment in Cargo Services, Inc. v. Merwin, et al. (Civil 175/1968, D. V.I.), where a $3500. attorney's fee was awarded in a case imposing damages of more than $43,000. We do not find the factual situation in that case sufficiently similar to this personal injury action to make it helpful.