**ANTILLES INDUSTRIES, INC., Plaintiff**

v.

**GOVERNMENT OF THE VIRGIN ISLANDS, et al., Defendants**

Civil No. 423-1970

District Court of the Virgin Islands

Div. of St. Croix

April 10, 1975

605

ISHERWOOD, COLIANNI, ALKON & BARNARD, ESQS. (THOMAS ALKON of counsel), Christiansted, St. Croix, V.I.

ROBERT RUSKIN, ESQ., Christiansted, St. Croix, V.I.

DONALD M. BOUTON, Assistant Attorney General, St. Thomas, V.I.

YOUNG, *District Judge*

### MEMORANDUM OPINION AND AMENDED JUDGMENT

## I

■ Initially, plaintiff moves this Court to amend paragraph 3(c) of its Judgment dated January 21, 1975, which reads, "ninety (90%) of all import duties," to read "one hundred percent (100%) of all import duties." Defendant opposes the foregoing motion, as well as plaintiff's motions for pre-judgment interest and attorneys' fees, on the ground that plaintiff has failed to comport with the time stricture of Rule 59(e) of the Federal Rules of Civil Procedures. Rule 59(e) states that "[a] motion to alter or amend the judgment shall be served not later than 10 days after entry of the judgment." The term "judgment", as defined in Rule 54(a), includes both a *final* order and any interlocutory order that is appealable. 6 Moore's Federal Practice ¶54.02 (1974). Defendant's assertion that plaintiff's motions were not timely made would be meritorious if this Court's Judgment of January 21, 1975 were final. But, on its face, the Judgment requires additional acts on the part of plaintiff—that is, the submission of adequate proof of the payment of the exempted taxes—which militate against its finality. Therefore, the ten days within which plaintiff is obligated to file its motion to amend does not begin to run until the instant Judgment is entered.

## II

■ In accordance with paragraph 3 of the January 21st Judgment, wherein plaintiff was required to provide ade-

quate documentary proof of payment of taxes referred to therein, Antilles submitted to this Court an affidavit of the Assistant Treasurer and Comptroller of its company, along with an appended schedule denoting the year and amount of payment in each category of taxes. Although defendant deems this "meager evidence", it offers nothing which might in any way indicate that the figures as shown in the payment schedule are incorrect. Neither does it request the Court to inspect in greater detail the voluminous records to which plaintiff's Comptroller refers in its affidavit. In lieu of demanding the production of the large number of vouchers and checks representing payment of the taxes in question, I find plaintiff's proffer of proof sufficient under the circumstances.

## III

As the prevailing party in the instant litigation, plaintiff seeks pre-judgment interest on the amount due and owing from defendant. The general rule, set forth by both parties in their respective briefs, is that a state is not chargeable with interest unless it is provided for either by contract or legislative enactment. See United States v. North Carolina, 136 U.S. 211, 216 (1899). As stated in my Memorandum Opinion and Judgment of January 21, a binding contract was formed between Antilles and the Government immediately upon the final acquisition by Antilles of Delaware's assets on April 6, 1965. Antilles Industries, Inc. v. Government of the Virgin Islands, Civ. No. 70-423, slip op. at 10 (Jan. 21, 1975). The terms of such a legislative contract must necessarily be found in the Act which gave rise to the contractural relationship, and it is uncontroverted that Act No. 224 contains no provision regarding the assessment of pre-judgment interest. Since the law requires an *express* agreement by the Government that it will pay interest on its indebtedness [see Gregory v.

State, 197 F.2d 728, 729–30 (Cal. 1948)], any authority for the granting of such interest cannot be based on a contractual agreement between the parties.

■ That authority, however, may be found in 33 V.I.C. § 1251, which provides that "[i]nterest shall be allowed and paid upon any overpayment in respect of any internal revenue tax at a rate of 6 percent per annum". Section 1251, in delineating the methods for calculating interest due under the section, distinguishes between "credits" [ § 1251(b)(1)], and "refunds" [§ 1251(b)(2)], thereby implicitly acknowledging that a tax refund is an overpayment within the provision. Act No. 224 likewise uses the term "refunds" to designate the exemptions encompassed by the Industrial Incentive Act. See, e.g., Act. No. 224, § 13 (1957).

Section 1251, however, expressly limits its applicability to "any internal revenue tax". Clearly encompassed within this phrase are excise taxes and gross receipts taxes. See 33 V.I.C. §§ 44 et seq. Equally clear is the fact that any refund of the income taxes and import duties paid will be in the nature of a subsidy, and as such, will not be encompassed by Section 1251.

IV

■ Counsel for plaintiff Antilles have submitted separate bills of cost, wherein they indicate that they have expended an aggregate of 2,950 hours on this litigation. Utilizing the standards set forth in the recent Third Circuit opinions of Lindy Bros. Bldrs., Inc., v. American R & S San Corp., 487 F.2d 161 (3d Cir. 1975) and Estien v. Christian, 507 F.2d 61 (3d Cir. 1975), I find that $75,000.00 is a reasonable attorneys' fee award. Given the amount requested in the ad damnum clause and ultimately the size of the Judgment which follows herein, I do not doubt that counsel for plaintiff have logged in the time alleged in their

respective affidavits. I believe, however, that in this case 1500 hours represents a point after which further expenditure of time must constitute analytical overkill.

Valued at $50.00 per hour, a reasonable rate for an attorney's time in the Virgin Islands, a $75,000.00 figure is reached. Although the quality of plaintiff's counsels' representation in this action is quite high and the amount of recovery even higher, I cannot find that the issues presented are so novel or complex as to justify an upward modification of the foregoing $75,000.00 figure.

██ Peripherally, I might note that the Lindy decision, supra, would require an evidentiary hearing prior to awarding attorney's fees in a given case, but only if such hearing is requested by one or both of the parties involved. In the absence of such a request, affidavits are acceptable. An attorney's affidavit should minimally include the number of hours spent on the case, broken down into the various aspects of the lawyer's services to his client, the attorney's normal billing rate per hour, the lawyer's assessment of the novelty and complexity of the issues presented, and any additional factors which might aid the court in ensuring that the attorney's services are fairly compensated.

### AMENDED JUDGMENT

It is hereby ORDERED, ADJUDGED and DECREED:

1. That Antilles Industries, Inc., having complied with paragraph 3 of this Court's Judgment dated January 21, 1975, wherein it was requested to submit evidence of the payment of taxes accruing between the dates April 6, 1965 and December 16, 1970, be refunded by the Government of the Virgin Islands:

(a) $166,655.58, consisting of one hundred percent (100%) of all excise taxes paid by Antilles but which should have been exempted, plus 6% interest thereon computed in accordance with 33 V.I.C. § 1251(b)(1).

(b) $339,625.52, consisting of one hundred percent (100%) of all gross receipts taxes paid by Antilles but which should have been exempted, plus 6% interest thereon computed in accordance with 33 V.I.C. § 1251(b)(1);

(c) $479,822.51, consisting of one hundred percent (100%) of all import duties;[1]

2. That Antilles, having submitted adequate evidence of income tax liabilities for the period in question, be granted a subsidy by the Government of the Virgin Islands in the amount of $1,246,182.77, consisting of seventy-five percent (75%) of such liabilities actually paid or which shall be paid by Antilles.

3. That Antilles be awarded $75,000.00 to indemnify it for attorneys' fees and costs incurred as a result of the instant litigation.

---

[1] This "one hundred percent (100%) figure represents a grant of plaintiff's motion referred to in Part I, supra. The requested amendment conforms to this Court's previous holding that Act No. 224, rather than Act No. 798, is applicable to the transfer of the certificate from Delaware to Antilles.