**U.S. HOME COMMUNITY CORPORATION, Plaintiff**

v.

**CORINE HAWLEY, Defendant**

Civil No. 59-77

Territorial Court of the Virgin Islands

Div. of St. Croix

November 28, 1977

KENNETH R. LINDQUIST, ESQ., Christiansted, St. Croix, *for plaintiff*

J. STEVEN XANTHOPOULOS, ESQ., Legal Services of the Virgin Islands, Christiansted, St. Croix, *for defendant*

SILVERLIGHT, *Judge*

### MEMORANDUM OPINION AND JUDGMENT

This is an action originally instituted to recover unpaid rent and possession pursuant to 28 V.I.C. § 782. Subsequent to the commencement of the action, the defendant voluntarily vacated the premises and the issue of restitution was rendered moot. The remaining issue revolves around the correct computation of rent and rental assistance to which defendant was entitled in an apartment project under the Section 236 mortgage assistance program.

Plaintiff now seeks judgment for six months' past due rent, late charges, costs and attorney's fees. Defendant counters by moving the Court for dismissal of the action, alleging that the lease is in violation of Section 236

Guidelines for rental assistance, 24 CFR 425.22, and is, therefore, illegal and void.

The narrative following, for the purposes of Rule 52 F.R.C.P., constitutes the Court's findings of fact and conclusions of law.

Plaintiff owns Lorraine Village, an apartment project which receives interest reduction payments on its mortgage pursuant to Section 236 of the National Housing Act, 12 U.S.C. § 1715z-1. Apartment projects benefiting from this federal program are required to accord a preference to tenants within the lowest practicable income limits. 24 CFR 236.72. In furtherance of that objective, participating apartment projects are required to offer reduced rents to qualified low-income applicants, with HUD reimbursing the owner for the difference between the reduced rent and the fair market rent.

From November, 1974 to March, 1976, Defendant Corine Hawley lived in an apartment in Lorraine Village, also occupied by one James Herbert, to whom the apartment had been rented. During that period, she frequently delivered to the manager the monthly rent due on or about the dates upon which payment was required to be made. Subsequently, on March 11, 1976, defendant moved with her children to another apartment in Lorraine Village and executed a lease in her own name on a form approved by HUD for use under the Section 236 program.

On defendant's application for eligibility under the Section 236 program,[1] it was determined that her adjusted monthly income was $238, that the fair market rental of the subject apartment was $284, and that the basic monthly rental therefor was $178. Defendant's rent was established at the basic monthly rent with the difference between the fair market rental and the basic rent (in this case, $106) paid by HUD under the Section 236 rental assistance

---

[1] Plaintiff's Exhibit No. 2—HUD approved Form 3131.

provisions. Defendant duly paid the rent from March until August, 1976. On October 22, 1976, plaintiff obtained a judgment[2] for the rent due in August and September, 1976. Although that judgment was fully satisfied by defendant, she continued to live in Apartment No. 18, Building B, without paying further rent, and the present action was brought for this past due rent and accrued late charges for the six-month period October through March, 1977.

██ Defendant now contends that she was the victim of an illegal bargain, in that her basic monthly rent of $178 is so disproportionate to her adjusted monthly income of $238 as to bind her into an unconscionable agreement. She further argues that the Federal Regulations required that the plaintiff set her rent at 25% of her adjusted monthly income and that its failure to do so precludes it from recovering under the lease. Both of these arguments are revealed to be without substance when viewed in the light of the facts of the case and the Section 236 guidelines.

The HUD regulations state that the monthly rental charge "shall be 25 percent of the tenant's adjusted monthly income, *except that that monthly rental shall not be less than the basic rental* nor more than the fair market rental charge." 24 CFR 425.15 (Emphasis added). Tenants qualified to receive the benefits of rental assistance are those living in a Section 236 project and having "an adjusted monthly income of less than an amount equal to four times the basic rental charge for the occupied unit ..." 24 CFR 426.10.

In the case sub judice, the defendant's rental charge ($178) was equal to the basic monthly rental, the *minimum* rent permitted to be charged under 24 CFR 425.15, supra. Moreover, defendant fell within the guidelines to receive rental assistance, her adjusted monthly income ($238)

---

[2] U.S. Homes Communities Corp. v. Corine Hawley, Civil No. 541C/1976, October 22, 1976.

being less than four times the basic rental charge (4 × $178 = $712).

In view of the foregoing facts, there is no question that defendant was charged the correct sum for rent, nor is there any question that she was qualified to receive rent assistance under Section 236. Based on defendant's theory of defense, the only question would seem to be whether or not the plaintiff should have executed a lease with a tenant whose rent payments would use up 54% of her gross monthly income (75% of her adjusted monthly income).

HUD has laid down guidelines to be used in determining which persons may be admitted to an apartment project under the Section 236 program as a tenant. 24 CFR 425.22. The applicant must have an adjusted income which does not exceed a certain maximum, and further must have the ability to pay the rent. The determination of the ability to pay is left solely to the discretion of the owner or managing agent. If, in the judgment of the owner or manager, the applicant's income appears inadequate, the regulations list additional factors which the manager may take into consideration. Included in that list of factors are:

3) The applicant is a qualified tenant on whose behalf the project owner will receive rent supplement payments under Part 215 of this title, or rental assistance payments under Part 236 and Part 426 of this title.

4) The applicant has established a history of rent-paying ability at levels equal to or greater than basic rent.

7) Such factors as, in the judgment of the project owner or his managing agent, bear favorably upon the applicant's ability to pay rent. 24 CFR 425.22(b).

The guidelines conclude with the express directive to project owners and managers to accord preference for applicants within the lowest practicable income limits. 24 CFR 425.22(c).

The manager of the apartment project testified that he had been satisfied with defendant's past history of rent-paying ability during the period from 1974 when she lived with James Herbert. Although defendant testified that none of the money paid for rent during that period was her money, there was no testimony that the manager was aware of this fact and this Court, therefore, concludes that it was logical for the manager to assume that she was contributing to the support of the household she established when she moved with three children into Herbert's apartment. This Court finds no evidence of fraud or illegality in plaintiff's dealings with defendant. Lacking any evidence of bad faith dealings,[3] I can only conclude the manager was guilty of, at the worst, poor judgment, which affords defendant no comfort.

Defendant's only other contention is that plaintiff should have extended to her rental supplements in addition to the rental assistance she received. Such an action would have been impossible, since defendant did not fall within the guidelines laid down by HUD for those eligible for rent supplements. 24 CFR 215.20(4).

To be eligible for rent supplements, defendant would have had to:

(4) Be one of the following:

(i) An individual or family displaced by governmental action.

(ii) An individual who is 62 years of age or over, or physically handicapped.

(iii) A head of a family who is or whose spouse is, 62 years of age or over, or who is physically handicapped.

(iv) An occupant of substandard housing.

---

[3] Defendant argues that requiring more than 75% of adjusted income to pay basic monthly rent is evidence of unconscionable dealings. On the contrary, any arbitrary disqualification of applicants on the basis of a minimum income without considering other factors is illegal. Mandina v. Lynn, 357 F.Supp. 269 (W.D.Mo. 1973): Findrilakis v. Secretary of Dept. of Housing & Urban Dev., 357 F.Supp. 547 (N.D.Cal. 1973); U.S. Dept. of Housing and Urban Dev. Memo No. Phil-A-73-66, February 15, 1973 (Plaintiff's Exhibit No. 1).

(v) An occupant or former occupant of a dwelling which is (or was) situated in an area determined by the Small Business Administration subsequent to April 1, 1965, to have been affected by a natural disaster and which has been extensively damaged or destroyed as the result of such disaster.

(vi) A family whose head, or spouse, is a member of the Armed Forces of the United States who is serving on active duty. 24 CFR 215.20.

The record is devoid of any evidence which would allow this Court to infer that defendant met any of these conditions precedent and, accordingly, must find defendant ineligible for rent supplements.

On the foregoing facts, the Court finds that defendant is liable for past due rent for six months in the amount of $1,068 and for late charges of $30. Plaintiff is in possession of defendant's security deposit of $178, which amount shall be applied against the sum due above. Judgment in favor of plaintiff and against defendant in the sum of $920 shall enter, together with costs and attorney's fees to plaintiff, the same to be established by entry of a supplemental order upon the filing of a verified bill of costs and an affidavit of services meeting the standards enunciated in Estien v. Christian, 11 V.I. 464 (3d Cir. 1975).