**ISLAND TELERADIO SERVICE, INC.,** Plaintiff

v.

**CARL L. GREEN,** Defendant

Civil No. 293/1979

Territorial Court of the Virgin Islands

Div. of St. Croix at Christiansted

August 7, 1979

VICTOR G. SCHNEIDER, ESQ., St. Thomas, V.I., *for plaintiff*

SILVERLIGHT, *Judge*

MEMORANDUM OPINION AND SUPPLEMENTAL ORDER

Pursuant to the dictates of Francois v. Francois, et al., 16 V.I. 130, 599 F.2d 1286 (3d Cir. 1979), I here reduce to writing the facts determined and reasoning applied in making an award of attorney's fees in this default case.

Defendant allegedly delivered to plaintiff two checks in the sums of $2,000.00 and $1,691.89, respectively, for services rendered, both of which, upon presentation were returned unpaid because of insufficient funds. Plaintiff thereupon brought this action for debt, caused process to be served upon defendant, who failed to answer, appear or otherwise defend within the prescribed time. A motion for the entry of default judgment followed. Such judgment was entered by the Clerk on June 28, 1979, pursuant to Rule 55 (b) (1), F.R.C.P. The matter was then referred to the writer for an award of attorney's fees and costs in response to counsel's request therefor.

Counsel's affidavit in re attorney's fees is less than informative. In substance, it states only that counsel accepted the matter on a contingent fee basis of one-third of any judgment entered; that judgment was entered in the amount of $3,858.03, and that a counsel fee of $1,286.00 is requested.

It is obvious that counsel has either forgotten the teachings of the United States Court of Appeals for the Third Circuit in Lucerne Investment Co. v. Estate Belvedere, Inc., 1 V.I. 242, 411 F.2d 1205 (1969); Estien v. Christian, 11 V.I. 464, 507 F.2d 61 (1975); Lindy Bros. Bldrs., Inc. of Phila. v. American R & S San. Corp., 487 F.2d 161 (1973); and Francois, supra, or has simply ignored them.

■ The pertinent facts required by the court to constitute a basis for an award of attorney's fees are:

(1) How many hours were spent by counsel in the performance of his service, and in what manner;

(2) The normal billing rate charged by counsel;

(3) The contingent nature of success; and

(4) The quality of the attorney's work in relation to the complexity of the services.

None of this basic material has been supplied by counsel. The court, however, in the circumstances here present (a default case), will evaluate the matter by examination of the court file.

## I—THE WORK PERFORMED

The file discloses that counsel has prepared and filed a summons and complaint, a motion for default judgment, and an affidavit in support thereof, a pleading entitled, "Entry of Default" and a Judgment by the Clerk. In addition, in support of his request for attorney's fees, he has prepared and filed an "Affidavit in re Attorney's Fee" and a verified Bill of Costs. None of these pleadings are complex nor did the preparation of any of them require anything more than minimal skill. By no stretch of the imagination can this court conclude that more than two hours were expended in the preparation of these pleadings, including the client conferences necessary to obtain the underlying information.

It is reasonable to assume that collection of the judgment will necessitate the preparation of a Writ of Execution and, possibly, a notice of Marshal's sale. Certainly, the assignment of one hour to these tasks is more than generous.

## II—THE NORMAL BILLING RATE

Although no specific normal billing rate has been supplied by counsel, the court is aware that the standard fee

511

in the community at this time ranges from a low of $50.00 per hour to a high of $100.00 per hour.[1] This court concludes that the mesne rate of $75.00 per hour represents a fair and equitable charge in this instance.

## III—THE CONTINGENT NATURE OF SUCCESS

This is a "bad check" case which poses no difficult legal problems. The defenses available to the defendant were extremely limited or non-existent. No one can seriously argue that the likelihood of success in this litigation was less than nearly absolute.

## IV—THE QUALITY OF THE WORK

■ As has been stated, supra, the lack of complexity in this case, coupled with the nature of the pleadings filed, do not give rise to a need to increase or decrease the fee to be awarded. In this case, the "lodestar"[2] represents adequate compensation. This is true, notwithstanding the contingent fee agreement pursuant to which counsel accepted this matter. It must be remembered that "[T]he amount of attorney's fees to be awarded to the prevailing party is . . . intended to be an indemnification of the prevailing party for a fair and reasonable portion of his attorney's fees incurred in the prosecution or defense of the action, and not for the whole amount charged by the attorney . . ." Lucerne, supra.

The foregoing analysis establishes that the lodestar in this case may be ascertained by multiplication of three hours times an hourly rate of $75.00. This computes to $225.00 which I find to be a reasonable attorney's fee. In addition, plaintiff is entitled to recover costs in the sum of $15.00 (5 V.I.C. § 541).

---

[1] There are numerous cases in which higher hourly fees are charged in this community, but not in cases such as this.

[2] Estien v. Christian, supra, at 467, 468.

SUPPLEMENTAL ORDER

For the reasons set forth in the Memorandum Opinion entered on even date herewith, it is

ORDERED, ADJUDGED AND DECREED that plaintiff shall recover from defendant an attorney's fee in the sum of $225.00 together with costs in the sum of $15.00.