**JOCELYN BEDFORD and GEORGE BEDFORD, Plaintiffs**

v.

**PUEBLO SUPERMARKETS OF ST. THOMAS, INC., and PUEBLO INTERNATIONAL, INC., Defendants**

Civil No. 77-235

District Court of the Virgin Islands

Div. of St. Thomas and St. John

January 22, 1981

DESMOND L. MAYNARD, ESQ., St. Thomas, V.I., *for plaintiffs*

RICHARD H. HUNTER, ESQ., Christiansted, St. Croix, V.I., *for defendants*

FINCH, *Judge*

## MEMORANDUM OPINION WITH ORDER ATTACHED

### I

On July 21, 1980, a jury awarded the plaintiffs $29,000 compensatory relief in this personal injury action. Subsequently both plaintiffs and defendants filed motions for costs and attorneys' fees. On December 22, 1980, a hearing was held on these motions and the matter was taken under advisement. For the reasons set forth below defendants' motions will be denied and plaintiffs' motion will be granted in part.

■ The court may award both costs and attorneys' fees to the prevailing party. 5 V.I.C. § 541. Both the decision to make such an award and the amount to be awarded are within the court's discretion. Government of the V.I. v. Approximately 3.4 Acres, 12 V.I. 469 (D.V.I. 1975). The Court of Appeals for the Third Circuit has developed standards to guide the court's discretion in determining the amount to be awarded. Lindy Brothers v. American Radiator and Standard Sanitary Corp. (Lindy Brothers I), 487 F.2d 161 (3d Cir. 1973); Lindy Brothers v. American Radiator and Standard Sanitary Corp. (Lindy Brothers II), 540 F.2d 103 (3d Cir. 1976); Estien v. Christian, 11 V.I. 464, 507 F.2d 61 (3d Cir. 1975). Thus three questions are presented: which party prevailed; is an award appropriate in this case; and how much should be awarded?

### II

The determination of the prevailing party is normally, but not necessarily, a simple task. Plaintiffs herein initially brought suit against both Pueblo Supermarkets of St. Thomas, Inc., and Pueblo International, Inc. The action against the latter defendant was dismissed by order of the court. The complaint alleged both negligence and recklessness and sought both compensatory and punitive damages. As noted the jury found negligence and awarded compensatory relief. From the foregoing, defendants argue that Pueblo International is a prevailing party in that it succeeded in having the action against it dismissed and that Pueblo Supermarkets of St. Thomas is a prevailing party in that it succeeded in avoiding punitive damages. Of course plaintiffs argue that they are the prevailing party in that the verdict was in their favor.

■ The court finds that plaintiffs are the prevailing party herein. Although in more complex litigation there may be room for sharpening the definition of a prevailing party, in a simple slip and

fall personal injury action in which the jury finds for plaintiffs there can be little doubt that plaintiffs are the prevailing party for the purposes of 5 V.I.C. § 541. Accordingly, defendants' motion will be denied.

## III

■■ The purpose of 5 V.I.C. § 541 is to indemnify the prevailing party. The policy behind the statute is that a party should not have to bear the legal expenses of demonstrating either that it is not at fault or that it is the victim of another's fault. As plaintiffs herein have demonstrated that they were the victim of defendants' negligence and the pleadings submitted are on behalf of the plaintiffs, 5 V.I.C. § 541's indemnification purpose would be served if an award for costs and attorney's fees were granted; as there are no countervailing equities or policies present here[1] an award is appropriate.

## IV

■■ The amount of the award authorized by 5 V.I.C. § 541 is a fair and reasonable portion of the sum of chargeable costs and reasonable attorney's fees. Lucerne Investment Co. v. Estate of Belvedere, Inc., 7 V.I. 242, 411 F.2d 1205 (3d Cir. 1967). Chargeable costs are determined by reference to 5 V.I.C. § 541. Reasonable attorney's fees are determined by the formula set forth in Lindy Bros. (I), supra and Lindy Bros. (II), supra: the product of the hours expended by counsel and the applicable billing rate (the "lodestar"), adjusted by the quality of the work performed and the presence, if any, of a contingency fee arrangement.

■ Plaintiffs' counsel has submitted a bill of costs totalling $4,235.70. The court will tax the costs of depositions (including travel to the deposition in Puerto Rico), marshal's witnesses and process servers. The court rejects and will not tax the costs of expert witnesses (see Quetel v. Querrard, 6 V.I. 214 (D.V.I. 1968)). The court will not tax the costs of copying or phone calls as these are regular office expenses and are included in the hourly rate. Miscellaneous expenses and investigator's fees will be disallowed as too vague and lacking in substantiation. The costs of the medical reports and the interpreters' fees will be disallowed as outside the scope of 5 V.I.C. § 541. Accordingly, chargeable costs are $881.00.

Plaintiffs' counsel has submitted an affidavit which lists the total hours expended on this case, a breakdown of how the hours were

---

[1] See Daly v. Kier, 2 V.I. 227 (D.V.I. 1952); Stoner v. Bellows, 2 V.I. 172 (D.V.I. 1951); Smith v. Government, 5 V.I. 536, 361 F.2d 469 (3d Cir. 1966).

spent, the applicable hourly rate and a flat per diem for the three days spent in court. The hourly rate is $75.00 and is in keeping with charges for this type of case in this community. A total of 135 hours is claimed. This appears high and a review of the itemized time sheet reveals a certain amount of puffing. As noted, the Lindy Brothers formula calls for multiplication of the hours expended and the hourly rate to create the "lodestar". However, because of the exaggerated time claims herein, the hours expended figure must be reduced prior to determining the "lodestar".[2]

■ In view of the simple nature of this case and plaintiffs' counsel's extensive experience in similar civil actions, the following items are rejected or reduced:

—item (a): interviews of plaintiffs (disallowed)
—item (e): preparation of pleadings (reduced to 1 hr.)
—item (f): assisting plaintiffs to prepare answers to interrogatories (reduced to 2.5 hrs.)
—item (j): preparation of witness list (reduced to .2 hrs.)
—item (k): preparation of correspondence (reduced to 1 hr.)
—item (f): preparation of plaintiffs for trial (disallowed)
—item ( ff ): preparation of judgment, affidavits re: attorney's fees and bill of costs (reduced to 1 hr.)
—item (gg): preparation of plaintiffs' interrogatories (reduced to 2 hrs.)

Further, item (h), preparation of case for trial, is disallowed as vague and nebulous and item (y), review of defendants' papers, is disallowed as time is also claimed for preparation of responses to the same papers. Accordingly, the expended hours are reduced to 85.2. Multiplication of the hours expended and the hourly rate and addition of the fee for three days in court produces a "lodestar" of $6,390.00.

The Lindy Brothers formula permits the court to increase the "lodestar" to the extent there is a contingency agreement. Lindy Brothers (II), supra at 117 makes it clear that the contingency factor

---

[2] There are several places in the Lindy Brothers formula where the court can reduce an exaggerated bill: the hourly rate can be reduced (see Lindy Brothers (II), supra at 118); the "lodestar" can be reduced under the quality rubric; the fair and reasonable portion of the adjusted lodestar can be reduced; or, the number of hours entering the "lodestar" computation can be reduced. When the exaggeration is in the hours expended figure, the reduction of that figure seems the appropriate remedy.

is a vehicle for awarding larger attorney fees in those situations where the attorney invested time and money with the risk that he would never be compensated for his efforts. Plaintiffs have not presented evidence of any contingency fee arrangement so no adjustments can be made for the contingency factor.

The Lindy Brothers formula permits the court to increase or decrease the "lodestar" for the quality of an attorney's work. "... [T]he increase or decrease reflects exceptional services only; it may be considered in the nature of a bonus or a penalty." Lindy Brothers (II), supra at 118. "Any increase or decrease in fees to adjust for the quality of work is designed to take account of an unusual degree of skill, be it unusually poor or unusually good." Lindy Brothers (I), supra at 168. Performance herein was neither exceptionally good nor exceptionally poor and thus there is no cause for a quality adjustment to the "lodestar". The "lodestar" stands at $6,390.00.

█ Finally, the court must determine a fair and reasonable portion of the "lodestar". The fair and reasonable portion adjustment is much like the quality and contingency adjustments but it stems from a different source. The fair and reasonable portion adjustment stems from construction of 5 V.I.C. § 541 in Smith, supra and Lucerne Investment, supra. The criteria suggested for the fair and reasonable adjustment is Canon 12 of the Canons of Professional Ethics of the A.B.A.[3] Canon 12 contains many of the factors involved in the previous quality and contingency adjustments: ... "time and labor required, the novelty and difficulty of the questions involved, the skill requisite to properly conduct the cause, the customary charges of the bar for similar services, the amount involved in the controversy, the benefits resulting to the client from the services, and the contingency or certainty of the compensation". Lucerne Investment, supra at 245–46. The fair and reasonable adjustment was created prior to the Lindy Brothers formula. Estien v. Christian, supra made the Lindy Brothers formula applicable to 5 V.I.C. § 541 awards and mentioned the Canon 12 criteria. Unfortunately the Estien, supra decision did not explain the relationship between the Lindy Brothers formula and the Canon 12 criteria, leaving the impression that the two are cumulative.[4] The court will treat the two

[3] American Bar Association, Opinions on Professional Ethics, 1967 ed., p. 48–49.

[4] The Territorial Courts of the Virgin Islands have treated the two standards as cumulative. See Joyce Glason v. Puerto Rico International Airport, 17 V.I. 150 (Terr. Ct. 1980); Island Teleradio Service, Inc. v. Green, 16 V.I. 509 (Terr. Ct. 1979).

standards as cumulative and, because of the simple nature of this slip and fall case, determines that $5,000 is a fair and reasonable indemnification of the prevailing party's attorney's fees.

## ORDER

The premises considered and the court being fully informed

IT IS ORDERED, that the plaintiffs shall recover from defendant an attorney's fee in the sum of $5,000;

AND IT IS FURTHER ORDERED, that the plaintiffs shall recover from defendant costs in the sum of $881.00.