JEAN DAMIDAUX, Plaintiff

v.

HESS OIL VIRGIN ISLANDS CORP., and PETTIBONE
CORPORATION, Defendants

and

HESS OIL VIRGIN ISLANDS CORPORATION, Third-Party
Plaintiff

v.

STANDBY POWER SUPPLIES, INC., Third-Party Defendant

Civil No. 55/1978

District Court of the Virgin Islands

Div. of St. Croix

April 6, 1981

JEAN–ROBERT ALFRED, ESQ., Christiansted, St. Croix, V.I., *for plaintiff*

BRITAIN H. BRYANT, ESQ. (BRYANT & LENAHAN), Christiansted, St. Croix, V.I., *for defendant HOVIC*

JAMES L. HYMES, ESQ. (GRUNERT, STOUT, HYMES, MAYER & SMOCK), Charlotte Amalie, St. Thomas, V.I., *for defendant Pettibone*

DAVID O'BRIEN, ESQ. (O'BRIEN & MOORE), Christiansted, St. Croix, V.I., *for Standby Power Supplies, Inc.*

PETERSEN, *Judge*

## MEMORANDUM AND JUDGMENT

This case is before the Court on motions for an award of attorney's fees by three parties to this action. The case was tried before this Court the week commencing February 9, 1981. On February 13, 1981, the jury returned a verdict finding defendant Hess Oil Virgin Islands Corporation liable to plaintiff for his injuries. The total damage award was $72,151.25; however, plaintiff was found 35% contributorily negligent. Thus, the total verdict plaintiff received was $46,885.25.

The plaintiff asks the Court for attorney's fees in the amount of $23,925.00 and other expenses in the amount of $3,255.80. Defendant Pettibone asks the Court for indemnification of attorney's fees in the sum of $30,210.00 and other expenses of $1,430.40. Third-party defendant Standby Power requests $4,931.25 in attorney's fees and $614.45 for other expenses.

5 V.I.C. § 541(b) reads in relevant part:

> [T]here shall be allowed to the prevailing party in the judgment such sums as the court *in its discretion may* fix by way of indemnity for his attorney's fee in maintaining the action or defenses thereto. (Emphasis added.)

The Third Circuit Court of Appeals has established guidelines to be used by the court in evaluating request for attorney's fees. Appropriate criteria for the court's consideration include "the

419

time and labor required, the novelty and difficulty of the questions involved" and "the skill requisite properly to conduct the cause." Lucerne Investment Co. v. Estate Belvedere, Inc., 7 V.I. 242, 411 F.2d 1205 (3d Cir. 1969). The court also recognizes that "the amount of attorney's fees to be awarded to the prevailing party . . . is intended to be an indemnification . . . for a fair and reasonable portion of his attorney's fees incurred in the prosecution or defense of the action, and not the whole amount charged by the attorney." 7 V.I. 242, 411 F.2d 1205; Estien v. Christian, 11 V.I. 464, 507 F.2d 61 (3d Cir. 1975). Thus, the "normal award under section 541 is often only a minor fraction of what an attorney may reasonably have charged a client for the services involved in the litigation." Smith v. Gov't of the Virgin Islands, 5 V.I. 536, 361 F.2d 469 (3d Cir. 1969). With these principles in mind, the court turns to the requests for indemnification for attorney's fees and reimbursement for costs by the plaintiff, Pettibone and Standby.

## I. PLAINTIFF VERSUS HESS

In this action the plaintiff prevailed against Hess on his negligence count in the amount of $46,885.25. He requests an indemnification of $23,925 as an attorney's fee and $3,255.80 as reimbursement for costs and expenses incurred. The plaintiff asserts that the former represents 319 hours at $75.00 an hour for preparation of pleadings, discovery and trial, and attendance at conferences, interviews, and the trial. Although he has itemized the hours in terms of these broad categories, the plaintiff has not provided the court with sufficient detailed information covering how this enormous amount of time was actually spent.

It must be remembered that the plaintiff originally sought to assert a number of claims against Hess that, in the court's judgment, were without substantial merit. The strict liability claim, for example, had no application to Hess since Hess neither manufactured nor sold the machine that was involved in the accident. Likewise, the claim of implied warranty against Hess was futile as Hess never sold the cherry picker to the plaintiff or his employer. With respect to the theories of res ipsa loquitur and punitive damages, Hess prevailed on motions for a directed verdict at the close of the plaintiff's case-in-chief. Despite the fact that the plaintiff ultimately did receive a favorable judgment against Hess, it lost a number of skirmishes on the way.

The claims of the plaintiff against Hess that eventually failed certainly had a multiplier effect on the amount of work that the

plaintiff bore. Given the lack of specificity in the plaintiff's affidavit for attorney's fees, it is difficult to ascertain the actual extent of the extra work caused by these claims. Undoubtedly the number of hours generated by the plaintiff's counsel became inflated as a result. Another complicating fact is the extent to which the associate of the plaintiff's counsel participated in the pretrial and trial proceedings and whether he was paid at the same rate as counsel.

■ The plaintiff's counsel asserts that representation of his client was assumed on a one-third contingency fee arrangement. An adjustment upward may be made by the court where a contingency fee exists because of the risk the attorney runs in receiving nothing for his services. Lindy Bros. v. American Radiator and Standard Sanitary Corp., 540 F.2d 103, 117 (3d Cir. 1967); Bedford v. Pueblo Supermarkets of St. Thomas, 18 V.I. 275 (D.V.I. 1981).

■ Consideration of the foregoing factors persuades the court that an attorney's fee of $8,000 is fair and reasonable indemnification for the plaintiff in this case.

The bill of costs submitted by the plaintiff's counsel totals $3,255.80. Filing fees in the district court will be allowed in their entirety. Costs for medical records will also be allowed as necessary to the effective presentation of the case. The costs for the transcripts of the depositions of William Walt, Alfred Clarke, Lyle Munson, Verne Roberts, Robert Cunitz, Leon Dartez, Rupert Pelle, David Maneilly, Donald Strong, Bernard Enfield, and Jean Damidaux will be taxed. Each of the deponents was called as a witness and was necessary to the plaintiff's case. A similar allowance for the transcripts of the depositions of Dr. Stilip and William Lado will be made even though neither appeared as a witness. It is clear that the taking of these depositions "was reasonably necessary for the proper conduct and presentation of the case, as distinguished from investigatory purposes . . . ." Kriegel v. St. Thomas Beach Resorts, Inc., 18 V.I. 365 (D.V.I. 1981). Conversely, the costs for the depositions of Leonard, Steve Lammens, and Michael Maneilly will be disallowed. The plaintiff has made no showing that the taking of these depositions was "reasonably necessary" for the proper presentation of his case.

■ The statutory witness fee of $30 will be allowed for the following witnesses: Harold Solty, Orville Liburd, Judith Magras, William Walt, and Robert Cunitz. Counsel for the plaintiff has failed to demonstrate any special circumstances that would justify this court taxing as costs his travel expenses to take depositions;

therefore, no expenses incurred by the plaintiff's counsel with respect to travel to depositions will be allowed. Kriegel, supra. Costs in the total amount of $1,763.75 will accordingly be awarded to the plaintiff.

## II. PETTIBONE VERSUS PLAINTIFF

Pettibone Corporation was the prevailing party on the strict liability count asserted by the plaintiff. In its motion for costs, Pettibone seeks indemnification for an attorney's fee amounting to a breathtaking $30,210, representing 402.8 hours at $75.00 per hour. Reimbursement for expenses in the amount of $1,430.40 are also requested. Counsel for Pettibone has itemized the time he expended in defending the case in general and vague categories. The court is faced with the same problem presented by the plaintiff's breakdown of hours expended. It is impossible for the court, for example, to determine whether the 102 hours claimed by counsel for "Travel" was wisely spent. Large blocks of hours for other aspects of the case, including 18.3 hours for "Miscellaneous expenditures of time" are fraught with the same difficulty. Subtracting these amounts would leave around 280 hours. The court deems that a further reduction in the time spent by counsel to 250 hours is a fair reflection of his participation. At $75.00 per hour, this produces a "lodestar" of $18,750.

The plaintiff originally asserted negligence, strict liability, and punitive damages claims against Pettibone. At the close of the plaintiff's case in chief, Pettibone successfully moved for the dismissal of the negligence and punitive damages counts. The jury returned a verdict finding no liability by Pettibone on the strict liability count. It must be emphasized that Pettibone was obliged to prepare itself for all three claims during the exhaustive and exhausting pretrial proceedings in this case. If the plaintiff had restricted himself to the strict liability claim from the outset, Pettibone could have restricted its preparation to that claim alone. However, Pettibone had to be primed for an attack on several fronts. Furthermore, Pettibone had to be ready to educate the jury about the distinction between the negligence and punitive damages claims against Hess and those against itself.

██ ██ As to the trial itself, Pettibone's defense was not complicated. Indeed, Pettibone called only one witness, and Hess bore the brunt of the common defense work, taking the lead in cross-examination. This Court finds a reasonable portion of the reimbursable attorney's fees of Pettibone to be $6,000. Pettibone has failed to set forth any itemization of the costs it incurred. The court is com-

pletely unable to determine how much of their cost should be taxed and therefore will disallow them in their entirety.

■ The question of who shall reimburse Pettibone has understandably aroused a heated dispute. The plaintiff contends that the responsibility for any award to Pettibone should be shared by him and Hess. As originally constituted, this action included only Hess as a principal defendant. Hess then impleaded Pettibone as a third-party defendant. Although Hess later dismissed its claim against Pettibone and the plaintiff joined Pettibone as a defendant, it is probable that Pettibone would never have been involved at all were it not for Hess' maneuver. In any event, Hess to some extent sought to persuade the jury that Pettibone was partly to blame for the injuries sustained by the plaintiff. In Goldstein v. John Hambers Watersports Center, Inc., No. 78-286 (D.V.I. February 26, 1981), a similar situation occurred in which the original defendant brought in other defendants into the case. After a dismissal by the defendant John Hambers, the plaintiff retained the subsequent defendants who were not found liable. The court split the responsibility for attorney's fees to the prevailing defendants between the plaintiff (60%) and John Hambers (40%), the defendant that was found liable. In the present case the court finds that an equitable division of the award of attorney's fees due to Pettibone is 2/3 contribution by the plaintiff and 1/3 by Hess.

## III. STANDBY VERSUS HESS

Standby was impleaded by Hess on the basis of an indemnity agreement between the two parties. One of the disputes between them concerned which of two indemnity contracts would apply if Hess were found liable for negligence. Having prevailed on a motion for partial summary judgment in which Standby would indemnify Hess only for Standby's negligence, it successfully moved for dismissal of the third-party claim on the ground that the comparative negligence statute rendered it moot. Any percentage of negligence attributed to the plaintiff, and by extension to Standby as his employer, would reduce the judgment against Hess by that percentage.

Until this surgical removal by Standby's counsel, however, there remained the possibility that Standby would be required to indemnify Hess for any award against it on the negligence count. Considering the magnitude of the plaintiff's request for relief it is understandable that Standby had to follow the primary case as a fail-safe measure. On the other hand, the court must also recognize that

counsel's participation in the labyrinth that evolved in this case was much less than that of other counsel, upon whom he states he relied for the damages-related aspects.

As to the number of hours expended in the defense of the third-party claim, counsel for Hess contends that a similar dispute in which he and counsel for Standby had recently been engaged prepared the latter for his arguments in this case. In the previous case, Frederick v. Hess Oil Virgin Islands Corp., 1980 St. Croix Supp. 157, the defendant and third-party defendant split responsibility for liability pursuant to the court's interpretation of an indemnity agreement dissimilar to the one in this case. Because they were equally liable, the court ordered that these parties absorb their own costs. The present case is clearly distinguishable because Standby succeeded in escaping liability. In other words, there is no doubt that Standby is the prevailing party as to Hess and may receive an award of attorney's fees.

█ The number of hours claimed by counsel—65.75—seems excessive in light of his statement that he relied upon defense counsel for a major portion of the principal case. The number of hours claimed for preparation for and attendance at certain depositions shall accordingly be reduced to 10. The number of hours claimed for research leading to counsel's motions shall also be reduced to 10. This reduces the total number of hours to 52.5, which at a rate of $75.00 per hour, produces a "lodestar" of $3,937.50. In the court's opinion, a fair and reasonable award is $2,000. Costs in the amount of $398.05 will be awarded for expenses in procuring transcripts of depositions used by counsel in monitoring the primary case against Hess.

## JUDGMENT

This action came on for trial before this Court and a jury commencing February 9, 1981. Plaintiff was represented by Jean-Robert Alfred, Esq. Defendant Hess Oil Virgin Islands Corporation was represented by Bryant & Lenahan (Britain H. Bryant, Esq., of counsel). Defendant Pettibone Corporation was represented by Grunert, Stout, Hymes & Smock (James L. Hymes, III, Esq., of counsel). Standby Power Supplies, Inc., was represented by O'Brien & Moore (David O'Brien, of counsel).

All issues having been duly tried the jury returned a verdict on February 13, 1981, finding defendant Hess Oil Virgin Islands Corporation liable to plaintiff for his injuries. The jury returned a verdict in the amount of seventy-two thousand one hundred fifty-one

dollars and twenty-five cents ($72,151.25) attributing sixty-five percent (65%) of the liability to Hess Oil Virgin Islands Corporation and thirty-five percent (35%) of the liability to plaintiff himself. Therefore the jury rendered a verdict in favor of plaintiff against defendant Hess Oil Virgin Islands Corporation in the sum of forty-six thousand eight hundred eighty-five dollars and twenty-five cents ($46,885.25).

The jury returned a verdict finding no liability on the part of defendant Pettibone Corporation.

In accordance with the above findings, it is hereby

ORDERED, ADJUDGED AND DECREED that plaintiff Jean Damidaux recover of defendant Hess Oil Virgin Islands Corporation the sum of forty-six thousand eight hundred eighty-five dollars and twenty-five cents ($46,885.25), with interest thereon at the rate of nine percent (9%) per annum as provided by law from February 13, 1981. Plaintiff Jean Damidaux shall recover attorney's fees in the sum of $8,000 from the defendant Hess Oil Virgin Islands Corporation and costs in the amount of $1,763.75. Defendant Pettibone Corporation shall recover attorney's fees in the sum of $4,000 from plaintiff Jean Damidaux and $2,000 from defendant Hess Oil Virgin Islands Corporation. Third-party defendant Standby Power Supplies, Inc., shall recover attorney's fees in the amount of $2,000 and costs in the amount of $398.05 from defendant Hess Oil Virgin Islands Corporation.