## IN THE MATTER OF THE ESTATE OF BEATRICE LILIENFELD, DECEASED

Probate No. 22/1981

Territorial Court of the Virgin Islands

Div. of St. Thomas and St. John

October 30, 1986

CHRISTIAN, *Judge*

### MEMORANDUM AND ORDER

Before the Court are Motions in the above-titled Estate:

1. Of Hein Christensen for fees as co-Executor and Accountant for the Estate;

2. Of Henry Smock, Esquire, resident attorney of the Estate, for attorney's fee;

3. Of David D. Rothbart, for fees as co-Executor and also as attorney for the Estate;

4. Of the American Physical Society, a testamentary heir, to apply sanctions against the personal representatives and attorneys of the Estate, pursuant to 5 V.I.C., App. V, Rule 34(b) (1982).

The Fees requested by Hein Christensen in the amount of $6,750.00 (4/1/81 to 12/31/84), for accounting services; for services as co-Executor of the Estate in the amount of $8,135.75; and for costs incurred for filing Forms 1041 (1983 through 1986), in the amount of $7,200.00, making a grand total of $22,085.75, are allowed by the Court.[1]

The attorney's fee requested by Henry Smock, Esquire, in the amount of 60.9 hours at $75.00 per hour, a total of $4,567.50, is allowed by the Court.

■ David D. Rothbart, Esquire, served as both co-Executor and nonresident attorney for the Estate. As co-Executor for the Estate he asked the Court to approve a fee of $27,379.95, based on Section 2307 of the Surrogate's Court Procedure Act of the State of New York, a copy of which he attached to his Affidavit. He also states that his request for compensation for this service is pursuant to 15 V.I.C. § 569. The Court will not allow any fee for this purpose computed on the basis of the New York Act cited by the Movant. The Court will grant the fee according to its established practice. This practice is to allow this class of fiduciaries, personal representatives of deceased persons, a fee of not more than approximately fifty percent of the fee granted to the attorney of the Estate. This is particularly so where, as here, the attorney also doubles as both attorney and fiduciary, and requests, and receives, a fee in both roles, which he could not were he a member of the Virgin Islands Bar. See 5 V.I.C., App. V, Rule 34(a).

■ The award of attorney's fees is presently computed in the Virgin Islands in conformity with the criteria set forth in Estien v. Christian, 11 V.I. 464, 507 F.2d 61 (3d Cir. 1975) and Lindy Bros. Builders, Inc. of Philadelphia v. American R.S. Sanitary Corporation, 487 F.2d 161 (3d Cir. 1973). (See also Goldfarb v. Virginia State Bar, 421 U.S. 773, 95 S.Ct. 2004, 44 L.Ed.2d 472, 1975.) The Supreme Court found that attorneys' minimum fee schedules created "a classic illustration of price fixing", 421 U.S. at 283, 95 S.Ct. at 2011, and were in violation of Section 1 of the Sherman Act, 26 Stat. 209, as amended, 15 U.S.C., Section 1. These criteria include the hours spent by the attorney at a reasonable rate, which gives the "lodestar" amount, and the adjustment of the lodestar upwards or downwards based on more subjective factors such as,

---

[1] These were allowed by Order of the Court dated August 29, 1986, but this item is included in this Order for uniformity and convenience of the reader.

the contingent nature of success, the quality of the attorney's work, the complexity and novelty of the issues present, and the amount of recovery. La Pine Truck Sales & Equipment, Plaintiff v. S. & C. Corp., Defendant, Terr. Ct. St. T. & J., Civil No. 728/1983 (1986).

We see no reason to deviate from the lodestar amount allowable in this case, none of the aforementioned subjective factors justifying such deviation being present. The practice in this jurisdiction is to allow as the reasonable allowable rate of compensation to attorneys in such situation, that is, as the lodestar amount, the amount of hours devoted to the case, at between $75.00 to $85.00 per hour. In case of favorable subjective factors, e.g., those mentioned above, this rate has in rare instances been increased upwards to a maximum of $100.00 per hour.

While Attorney Smock has billed at the minimum rate of $75.00 per hour, the Court in this case will allow as the lodestar the total number of hours claimed, 263, at $85.00 per hour, a total of $22,355.00. The Court will allow an additional 50 percent of this sum as Executor's fee, an additional $11,177.50. This makes a total sum allowed for both Attorney's and Executor's Fees of $33,532.50 payable to David D. Rothbart, Esquire.

Mr. Rothbart has also claimed costs in the amount of $4,663.84, broken down as follows:

| | |
|---|---|
| August 1980—Trip to St. Thomas including airfare, lodging and transportation | $1,320.00 |
| January 1985—Trip to St. Thomas, including food, lodging and transportation | 2,096.84 |
| Filing Fees—Ancillary Proceedings | 300.00 |
| Certificates of Letters and certifications | 37.00 |
| Photostating and Xeroxing | 285.00 |
| Express Mail Charges | 375.00 |
| Miscellaneous—including telephones, etc. | 250.00 |
| Total | $4,663.84 |

All of these costs will be allowed with the exception of the $300.00 claimed for filing Ancillary Proceedings, and the $285.00 claimed for photostating and Xeroxing. The Fees incurred in the Ancillary Proceeding are not payable in the Domiciliary Proceeding. Chief Judge Almeric Christian ruled in Tyler v. American Airlines, D.C.V.I., Civil No. 76/369 (1979), that costs of photocopying, xeroxing, mailing, etc., are the usual and normal expenses of

running a law office, and thus will not be allowed [as costs], so that the total allowed for costs will be $4,078.84.

The American Physical Society, a testamentary heir of the deceased, by its attorneys, Covington and Burling, P.O. Box 7566, 1201 Pennsylvania Avenue, N.W., Washington, D.C. 20044, (202) 662-5464 (Richard A. Meserve and Henry J. Birnkrant, of Washington, D.C.), and Diane Martin Pomper, of St. Thomas, Cooper & Pomper, P.C. of P.O. Box 9517, 12D Bjerge Gade, St. Thomas, U.S. Virgin Islands, 00801, (809) 776-2380, of counsel, has urged the Court to apply certain sanctions against the Executors and Attorneys for the Estate because of their less than diligent, competent, and legally acceptable conduct in the discharge of the duties of their trust. Included among the reasons given are that the Estate has taken an unduly long period of time to be administered; that the Court has had to order these functionaries to perform some of their clear legal duties; that the final account presented to the Court contained a number of serious omissions, notably of $62,793.41 deposited at the Bank of New York in the decedent's name, and $9,122.71 belonging to the decedent, held in a joint account in the name of the decedent and a partner of the Attorney for the Executors; that they made no mention of the insurance claims made with respect to decedent's tangible personal property that was stolen during the course of the Administration; that the Final Account also showed the balance in one of the decedent's checking accounts as being substantially less than the amount shown as the balance in that account in the Internal Revenue Service audit adjustments; and, finally, that the Final Account of Mr. Rothbart was not even verified as required by local rules.

The American Physical Society gave additional reasons why it believes the Court should apply sanctions: The Petition for Distribution which the Court ordered filed May 26, 1986, still has not been filed; the Amended Final Account submitted May 6, 1986, still fails to comply with the Court's Order of April 28, 1986; no accounting has as yet been made for the $62,793.41 in an account in the decedent's name held in the Bank of New York; nor for the $6,224.00 discrepancy between $4,092.00 reported in the Final Account as the date of death balance in the Chase Manhattan Bank checking account in the decedent's name and the $11,126.00 date of death balance in that account reported on the audit adjustments to the Federal Estate Tax Return; and, finally, no verified

statement concerning the tangible personal property owned by the decedent has been filed.

■ Since the Court takes the position that to resort to these punitive measures, which it is authorized to impose by 5 V.I.C., App. V, Rule 34(b), may appropriately be done only upon granting due process, i.e., notice and a reasonable opportunity to be heard in a plenary evidentiary hearing, to any party who may be adversely affected thereby, and to embark upon such a route would probably incur a great amount of additional time before the Estate can be closed, and almost certainly further burden the Estate with additional substantial administrative costs, especially attorney's fees, the Court is not disposed to take such action.

Instead, we will immediately call in the persons against whom the criticisms are presumably directed, i.e., Attorney Rothbart, Attorney Smock and Mr. Hein Christensen, and have them correct as promptly as possible any deficiencies listed by the American Physical Society, which in fact exist, so that the Estate can be closed without any further undue delay.

## ORDER

It is therefore ORDERED, ADJUDGED AND DECREED:

1. That Legal Fees are awarded to Henry Smock, Esquire, Attorney for the Estate, in the amount of $4,567.80;

2. That Legal Fees are awarded to Attorney David D. Rothbart, Esquire, nonresident attorney for the Estate, in the amount of $22,355.00;

3. That Executor's Fees are awarded to Attorney David Rothbart in the amount of $11,177.50;

4. That costs are awarded to Attorney David D. Rothbart in the amount of $4,078.84;

5. That Executor's and Accountant's Fees are confirmed (originally Ordered on August 29, 1986) to Hein Christensen in the amount of $22,085.75;

6. That the Court hereby schedules a conference to be held at Barbel Plaza, St. Thomas, Virgin Islands, between the Court, a representative of the American Physical Society, Attorney David D. Rothbart, Mr. Hein Christensen, and Attorney Henry Smock, on Friday, November 14, 1986, at 11:30 a.m., to address the deficiencies in the administration of the Estate alleged by the American Physical Society, which conference will be held unless the

American Physical Society informs the Court not later than November 10, 1986, that it is satisfied that its objections have been corrected to its satisfaction, and the Court may proceed to close the Estate.